**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ERIC Y. KIZIRIAN, SB# 210584
E-Mail: Eric.Kizirian@lewisbrisbois.com
LEO A. BAUTISTA, SB# 149889
E-Mail: Leo.Bautista@lewisbrisbois.com
JOSEPHINE BROSAS, SB# 239342
E-Mail: Josephine.Brosas@lewisbrisbois.com
YANGYANG LI, SB# 298208
E-Mail: Travis.Li@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant Just Born, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **STEPHANIE ESCOBAR**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**JUST BORN, INC.**, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. ______________________<br><br>**DEFENDANT JUST BORN, INC.'S NOTICE OF REMOVAL OF CLASS ACTION**<br><br>Los Angeles Sup. Ct. Case No. BC649182 |

PLEASE TAKE NOTICE that Defendant Just Born, Inc. ("Just Born"), through its undersigned counsel, hereby removes the above-captioned action from the Superior Court of the State of California, for the County of Los Angeles, to the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453. In support of this Notice of Removal, Just Born states:

1. On or about February 6, 2017, plaintiff Stephanie Escobar ("Plaintiff") commenced this putative class action against Just Born by filing a Class Action Complaint ("Complaint") in the Superior Court of the State of California, for the County of Los Angeles (the "State Court Action"). The State Court Action has been assigned case number BC649182. The Complaint asserts three causes of action for alleged violations of (1) the California Consumers Legal Remedies Act (Civil Code §1750, *et seq.*); (2) California False Advertising Law (Business & Professions Code § 17500, *et seq.*); and (3) California Unfair Competition Law (Business & Professions Code § 17200, *et seq.*).

2. The U.S. Supreme Court recently affirmed that a defendant needs only to plausibly allege the requirements for federal jurisdiction to remove. That is, a defendant only needs to file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal"; no evidentiary submissions need to be submitted. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014) (citing 28 U. S. C. §1446(a)).

3. As more fully set out below, this putative class action as alleged in the Complaint is properly removed to this Court under 28 U.S.C. § 1441 and 1446 because Just Born has satisfied the venue and procedural requirements for removal, and because this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332.

//.//.//

//.//.//

## I. The Requirements of 28 U.S.C. §§ 1441 and 1446 Are Met.

4. *Timeliness.* A notice of removal may be filed within 30 days after the defendant receives a copy of the initial pleading, motion, or other papers from which it may be ascertained that the case is removable. 28 U.S.C. § 1446(b). Just Born's designated agent for receipt of service of process first received a copy of the Complaint on February 21, 2017. As such, the deadline to remove this case is March 23, 2017. Because this Notice of Removal is filed in advance of this date, it is timely filed under 28 U.S.C. § 1446(b).

5. *Removal to Proper Court.* The Superior Court of the State of California, for the County of Los Angeles, is located in the Central District of California, Western Division. 28 U.S.C. § 84(c). This Court is part of the district and division in which the action was filed – Los Angeles County, California. Thus, venue is proper because this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 1446(a).

6. *Procedural Requirements.* Section 1446(a) requires a removing party to provide this Court a copy of all "process, pleadings, and orders" served on it in the state court action. A true and correct copy of the Complaint and all papers served with the Complaint is attached hereto as Exhibit A. As required by 28 U.S.C. § 1446(d), Just Born will file an appropriate notice in the state court action and will serve on all counsel of record a true and correct copy of this Notice of Removal.

7. No previous application has been made for the relief requested herein.

## II. Removal Is Proper Because This Court Has Jurisdiction under 28 U.S.C. §§ 1332 and 1441.

8. This case is subject to removal under the Class Action Fairness Act of 2005. Pub. L. No. 109-2, 119 Stat. 4 (codified in various sections of 28 U.S.C.) ("CAFA").

9. As set forth below, this is a putative class action in which (1) there are alleged to be more 100 or more members in the proposed putative class; (2) at least some members of the proposed class have a different citizenship from Just Born; and (3) the aggregate amount in controversy exceeds $5 million. Thus, this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1332(d) and 1453(b).

**A. Diversity of Citizenship.**

10. Plaintiff is and was at all relevant times a citizen of California residing in the county of Los Angeles. Ex. A, Comp. at ¶ 3. Plaintiff brings this suit on behalf of a putative Class consisting of "All persons [nationwide] who purchased [Just Born's] Products in United States" or alternatively "All persons who purchased [Just Born's] Products in the State of California[.]" *Id.* Comp. at ¶¶ 71-72.

11. A corporation like Just Born is a citizen of every State by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Here, Just Born is incorporated and has its principal place of business in the Commonwealth of Pennsylvania. *See* Ex. A, Comp. at ¶ 4.

12. Therefore, at least one member of the Plaintiff's proposed class is a citizen of a state different from Just Born's state of citizenship.

13. The diversity of citizenship between Plaintiff (California) and Just Born (Pennsylvania) satisfies the minimal-diversity requirement of CAFA, which requires only that the citizenship of "any member of a class" be diverse from "any defendant." 28 U.S.C. § 1332(d)(2)(A). Because the named plaintiff is a California resident, and Just Born is a citizen of Pennsylvania, the minimal-diversity requirement under CAFA is met.

**B. Class Action Consisting of More Than 100 Members.**

14. Plaintiff purports to represent all United States or California "persons who purchased [Just Born's] Products . . . for personal use and not for resale during the time period February 3, 2013, through the present." Ex. A, Comp. at ¶¶ 71-72.

15. Plaintiff asserts that "the Class numbers in the hundreds of thousands or more throughout the United States and California." *Id.* Comp. at ¶ 73.

16. Based on these allegations, the aggregate number of class members in Plaintiff's proposed class is far greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

**C. The Amount-in-Controversy Requirement Is Satisfied.**

17. As set forth in paragraph 18 herein, the aggregate amount-in-controversy, exclusive of interests and costs, exceeds the $5,000,000 jurisdictional minimum under CAFA. 28 U.S.C. §§ 1332(d)(2), 1332(d)(6). .

18. Plaintiff does not plead a specific amount of damages, the aggregate amount-in-controversy here easily exceeds $5,000,000. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 551 ("When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so.") (citing 28 U.S.C. §1446(c)(2)(A)). And while Just Born disputes that the proposed class could ever be certified or that Just Born is liable for any of the claims Plaintiff asserts in the Complaint, the putative class size, coupled with the following claims for relief as alleged in the Complaint, make clear CAFA's jurisdictional amount in controversy requirement is easily met. Plaintiff seeks, in relevant part, the following relief on behalf of the putative classes:

- For damages. Ex. A. Comp., Prayer ¶ C;
- For restitution and/or disgorgement. *Id.* Comp., Prayer ¶ D;
- For punitive damages. *Id.* Comp., Prayer ¶ E; and
- For reasonable attorneys' fees and costs of this suit. *Id.* Comp., Prayer ¶ G.

Plaintiff allegedly paid approximately $4.00 for Just Born's product. *Id.* Comp. at ¶ 21. And because the putative class here includes "hundreds of thousands" of members (Comp. at ¶ 73), the amount in controversy requirement would be met if Plaintiff prevails on the restitutionary claim alone. Thus, if each class member

bought two applicable products (either Mike & Ike® 5 oz. box or Hot Tamales®. *Id.* Comp. at ¶ 8) per year during the class period (February 3, 2013 to the present), then a conservative estimation would place the amount in controversy at $8 million (i.e., $4 * 200,000 members * 10 purchases (two for each of the five years)). This estimation does not even include Plaintiff's other claims for relief, such as punitive damages, attorney's fees, and "damages," all of which could exponentially increase the amount in controversy.

Thus, defendant Just Born respectfully requests removal of this action from the Superior Court of the State of California, for the County of Los Angeles, bearing case number BC649182, to this Court under 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

Dated: March 7, 2017

ERIC Y. KIZIRIAN
LEO A. BAUTISTA
JOSEPHINE BROSAS
YANGYANG LI
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Yangyang Li
Yangyang Li, SB #298208
Attorneys for Just Born, Inc.

**FEDERAL COURT PROOF OF SERVICE**

Stephanie Escobar v. Just Born, Inc. - Case No.

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On March 7, 2017, I served the following document(s): **DEFENDANT JUST BORN INC.'S NOTICE OF REMOVAL OF CLASS ACTION**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Ryan J. Clarkson
Clarkson Law Firm, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069
rclarkson@clarksonlawfirm.com
T: (213) 788-4050
F: (213) 788-4070
***Attorney for Plaintiff***

The documents were served by the following means:

☒ (BY OVERNIGHT DELIVERY) Based on an agreement of the parties to accept service by overnight delivery, I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ (BY E-MAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on March 7, 2017, at Los Angeles, California.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW