# EXHIBIT A

To: 12137884870          From:  (4422473714)          02/06/17 02:58 PM     Page 6 of 6

**SUM-100**

## SU___IONS
### (CITATION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>Just Born, Inc. and Does 1 through 10, inclusive<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>Stephanie Escobar, individually and on behalf of all others similarly situated | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**CONFORMED COPY**<br>**ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**FEB 0 6 2017**<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: Cristina Grijalva, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es:)*  Stanley Mosk Courthouse<br>111 N. Hill St., Los Angeles, CA 90012 | CASE NUMBER<br>*(Número del Caso):*<br>**BC 6 4 9 1 8 2** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ryan J. Clarkson (SBN 257074) 9255 Sunset Blvd., Suite 804 Los Angeles, CA 90069 (213) 788-4050

| | | | | |
|---|---|---|---|---|
| DATE: February 3, 2017<br>*(Fecha)*  FEB 0 6 2017 | SHERRI R. CARTER | Clerk, by<br>*(Secretario)* | CRISTINA GRIJALVA | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*  Just Born, Inc.

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 415.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* February 3, 2017

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 (Rev. July 1, 2009) | **SUMMONS**<br><br>17:03:36 2017-02-03 | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

Opt-Out: Not Defined

⌐ DUPLICATE ⌐

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES**

Case Number _____    BC649182

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3 (c)).

| ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge William F. Highberger | 322 | 1702 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| Judge Kenneth Freeman | 310 | 1412 |
| Judge Ann Jones | 308 | 1415 |
| Judge Maren E. Nelson | 307 | 1402 |
| Judge Carolyn B. Kuhl | 309 | 1409 |

**Instructions for handling Class Action Civil Cases**

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

**APPLICATION**
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to the Plaintiff/Cross Complainant/Attorney of Record on 2-16-17      SHERRI R. CARTER, Executive Officer/Clerk

BY _____, Deputy Clerk

LACIV CCW 190 (Rev. 04/16)
LASC Approved 05-06

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**

**California Employment
Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                                    (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          >    _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR PLAINTIFF)

Date:

_____          >    _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date:

_____          >    _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date:

_____          >    _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date:

_____          >    _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR _____)

Date:

_____          >    _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR _____)

Date:

_____          >    _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR _____)

LACIV 229 (Rev 02/15)          **STIPULATION — EARLY ORGANIZATIONAL MEETING**          Page 2 of 2
LASC Approved 04/11

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:      FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

   i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

   ii. Include a brief summary of the dispute and specify the relief requested; and

   iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

   i. Also be filed on the approved form (copy attached);

   ii. Include a brief summary of why the requested relief should be denied;

         **STIPULATION – DISCOVERY RESOLUTION**         

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

iii.   Be filed within two (2) court days of receipt of the Request; and

iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.   If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.   If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.   If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.   The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.   Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.   Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: | FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐    Request for Informal Discovery Conference
   - ☐    Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:   FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____ )

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____ )

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____ )

**THE COURT SO ORDERS.**

Date:  _____

_____
JUDICIAL OFFICER

| SHORT TITLE: Escobar, et al. v. Just Born, Inc., et al. | CASE NUMBER BC 6 4 0 1 8 2 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases — unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death -- Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

17:03:36 2017-02-03
Opt-Out: Not Defined

| SHORT TITLE: Escobar, et al. v. Just Born, Inc., et al. | CASE NUMBER | |
|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Escobar, et al. v. Just Born, Inc., et al. | | CASE NUMBER | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 6, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Escobar, et al. v. Just Born, Inc., et al. | CASE NUMBER |
| --- | --- |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
| --- | --- |
| ☒ 1. ☒ 2. ☒ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | |
| CITY: | STATE: | ZIP CODE: |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: February 3, 2017

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

To: 12137884070     From: (4422473714)     02/06/17 02:49 PM   Page 4 of 6

|  |  | CM-010 |
|---|---|---|

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, state bar number, and address)*:
Ryan J. Clarkson (SBN 257074); SI M. Clarkson (SBN 237882);
Shalini Dogra (SBN 309024)
CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804 Los Angeles, CA 90069
TELEPHONE NO.: (213) 788-4050     FAX NO. (213) 788-4070
ATTORNEY FOR *(Name)*: Plaintiff Stephanie Escobar

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

**CASE NAME:**
Escobar, et al. v. Just Born, Inc., et al.

**FOR COURT USE ONLY**

FILED
Superior Court Of California
County Of Los Angeles

FEB 06 2017

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder | BC 6 4 0 1 8 2 |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☑ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (specify): Three (3) CLRA, FAL, UCL
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 3, 2017

Ryan J. Clarkson
_____ ► _____
(TYPE OR PRINT NAME)     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

17:03:36 2017-02-03

Opt-Out: Not Defined



**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (State Bar No. 257074)
rclarkson@clarksonlawfirm.com
Shireen M. Clarkson (State Bar No. 237882)
sclarkson@clarksonlawfirm.com
Shalini Dogra (State Bar No. 309024)
sdogra@clarksonlawfirm.com
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069
Telephone: (213) 788-4059
Facsimile: (213) 788-4070

*Attorneys for Plaintiff Stephanie Escobar*

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

STEPHANIE ESCOBAR, on behalf of herself
and all others similarly situated,

                                    Plaintiff,

                vs.

JUST BORN INC., and DOES 1-10, inclusive,

                                    Defendants.

Case No. BC 6 4 9 1 8 2

**CLASS ACTION**

**DECLARATION OF RYAN J.
CLARKSON REGARDING VENUE
PURSUANT TO CALIFORNIA CODE OF
CIVIL PROCEDURE SECTION 1780(d)**

**FILED**
Superior Court Of California
County Of Los Angeles

**FEB 08 2017**

Sherri R. Carter, Executive Officer/Clerk
By _Cristina Grijalva_, Deputy
Cristina Grijalva

1

DECLARATION OF RYAN J. CLARKSON RE CCP §1780(d)
17:03:36 2017-02-03

1    I, Ryan J. Clarkson, do hereby declare as follows:

2       1.    I am a shareholder Clarkson Law Firm, P.C., counsel of record for Plaintiff, and am

3 licensed to practice in all courts within the State of California. I have personal knowledge of the facts

4 stated herein, and if called to testify as a witness, I could and would competently testify to them.

5       2.    Pursuant to California Civil Code Section 1780(d), this Court is proper for trial of this

6 action because Defendants are doing business in Los Angeles County and the transaction at issue

7 and the subject matter of the above-captioned action occurred in Los Angeles County.

8    I declare and state under penalty of perjury that the foregoing is true and correct. Executed

9 on February 3, 2017 at Los Angeles, California.

10

11

12                                         CLARKSON LAW FIRM, P.C.

13

14                                        Ryan J. Clarkson, Esq.

15                                        Attorneys for Plaintiff and the

16                                        Putative Plaintiff Class

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF RYAN J. CLARKSON RE CCP §1780(d)
17:03:36 2017-02-03

1  **CLARKSON LAW FIRM, P.C.**
   Ryan J. Clarkson (SBN 257074)
2  rclarkson@clarksonlawfirm.com
   Shireen M. Clarkson (SBN 237882)
3  sclarkson@clarksonlawfirm.com
   Shalini M. Dogra (SBN 309024)
4  sdogra@clarksonlawfirm.com
   9255 Sunset Blvd., Ste. 804
5  Los Angeles, CA 90069
   Tel: (213) 788-4050
6  Fax: (213) 788-4070

7  *Attorneys for Plaintiff Stephanie Escobar*
   *and the Putative Plaintiff Class*

8

9

10        SUPERIOR COURT FOR THE STATE OF CALIFORNIA

11                    COUNTY OF LOS ANGELES

12  STEPHANIE ESCOBAR, individually and on      Case No. **BC 6 4 9 1 8 2**
    behalf of all others similarly situated,
13                                               **CLASS ACTION COMPLAINT**
                        Plaintiff,
14                                               1.  VIOLATION OF CALIFORNIA
         vs.                                         CONSUMERS LEGAL REMEDIES ACT,
15                                                   CIVIL CODE § 1750, *et. seq.*
    JUST BORN, INC., and DOES 1 through 10,
16  inclusive,                                   2.  VIOLATION OF CALIFORNIA FALSE
                                                     ADVERTISING LAW, BUSINESS &
17                      Defendants.                  PROFESSIONS CODE § 17500, *et. seq.*

18                                               3.  VIOLATION OF CALIFORNIA UNFAIR
                                                     COMPETITION LAW, BUSINESS &
19                                                   PROFESSIONS CODE § 17200, *et. seq.*

20                                               **DEMAND FOR JURY TRIAL**

21

22

23

24

25         Plaintiff Stephanie Escobar, individually and on behalf of all others similarly

26  situated, brings this class action complaint against Just Born, Inc. ("Defendant") and

27  Does 1 through 10, inclusive (collectively referred to herein as "Defendants") and

28  alleges as follows:

                                        1
                            CLASS ACTION COMPLAINT

### SUMMARY OF THE ACTION

1.    This is a class action lawsuit brought on behalf of all purchasers of Mike and Ike® and Hot Tamales® brand candy products (the "Product(s)") sold at retail outlets and movie theaters throughout California and the United States. True and correct representations of the Products' front labels are set forth.





2.    Defendant intentionally misleads and shortchanges consumers by falsely and deceptively misrepresenting the amount of candy actually contained in each box of Product. Defendant uniformly under-fills the opaque boxes by 46%. Every box is filled only 54% full with candy product. The 46% balance is empty space, or "slack-fill," nearly all of which serves no legitimate or lawful function.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

2

## PARTIES

3.      Plaintiff is, and at all times relevant hereto was, a citizen of California residing in the county of Los Angeles. Plaintiff made one-time purchases of Mike & Ike® 5 oz. box at Cinemark Cinemas in Los Angeles, California in 2016. In making her purchase, Plaintiff relied upon the opaque packaging, including the size of the box, which was prepared and approved by Defendant and its agents and disseminated statewide and nationwide, as well as designed to encourage consumers to purchase the Product. If Plaintiff had known that the box contained nonfunctional slack-fill, she would not have purchased the Product, let alone paid for candy product she never received.

4.      Just Born, Inc. is a corporation headquartered in Bethlehem, Pennsylvania. Just Born maintains its principal business office at 1300 Stefko Blvd., PA 18017. Just Born, directly and through its agents, has substantial contacts with and receives substantial benefits and income from and through the State of California. Just Born is the owner, manufacturer, and distributor of the Products, and is the company that created and/or authorized the false, misleading, and deceptive packaging for the Products.

5.      The true names and capacities, whether individual, corporate, associate, or otherwise of certain manufacturers, distributors, and/or their alter egos sued herein as DOES 1 through 10 inclusive are presently unknown to Plaintiff who therefore sues these individuals and/or entities by fictitious names. Plaintiff will seek leave of this Court to amend the Complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and based thereon alleges that DOES 1 through 10 were authorized to do and did business in Los Angeles County. Plaintiff is further informed and believes and based thereon alleges that DOES 1 through 10 were and/or are, in some manner or way, responsible for and liable to Plaintiff for the events, happenings, and damages hereinafter set forth below.

///

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over all causes of action asserted herein pursuant to the California Constitution, Article VI, Section 10, because this case is a cause not given by statute to other trial courts.

7.      Plaintiff has standing to bring this action pursuant to the California Consumers Legal Remedies Act, Civil Code Section 1750, *et seq.*; California False Advertising Law, Business and Professions Code Section 17500, *et seq.*; and California Unfair Competition Law, Business and Professions Code Section 17200, *et seq.*

8.      The Products include all products manufactured by Defendant which are substantially similar to Mike & Ike® 5 oz. boxes, including all candy products within the Mike & Ike® and Hot Tamales® product lines which are packaged and sold in opaque boxes.

9.      Out-of-state participants can be brought before this Court pursuant to the provisions of California Code of Civil Procedure Section 395.5.

10.     Defendant is subject to personal jurisdiction in California based upon sufficient minimum contacts which exist between it and California.

11.     Venue is proper in this Court because Defendant conducts business in Los Angeles County, Defendant receives substantial compensation from sales in Los Angeles County, and Defendant made numerous misrepresentations which had a substantial effect in Los Angeles County, including, distribution and sale of the Products throughout Los Angeles County retail outlets, we well as distribution of print media and internet advertisements.

## FACTUAL ALLEGATIONS

12.     The average consumer spends only 13 seconds to make an in-store purchasing decision.[1] That decision is heavily dependent on a product's packaging,

---

[1]   http://www.nielsen.com/us/en/insights/news/2015/make-the-most-of-your-brands-20-second-window.html (citing the Ehrenberg-Bass Institute of Marketing Science's report "Shopping Takes Only Seconds…In-Store and Online").

4

and particularly the package dimensions: "Most of our studies show that 75 to 80 percent of consumers don't even bother to look at any label information, no less the net weight . . . . Faced with a large box and a smaller box, both with the same amount of product inside . . . consumers are apt to choose the larger box because they think it's a better value."[2]

13.    Slack-fill is the difference between the actual capacity of a container and the volume of product contained therein.

14.    Nonfunctional slack-fill is the empty space in a package that is filled to less than its capacity for reasons which are illegitimate or unlawful.

15.    Defendant packages each of the Products in an opaque rectangular box with the following dimensions: 6 inches tall by 3 inches wide by 1 inch deep.

16.    The size of the box in and of itself is a representation by Defendant as to the amount of candy contained in the box. Plaintiff and other consumers of the Products detrimentally and reasonably relied on this representation of quantity when they purchased the Products.

17.    Plaintiff and other consumers of the Products made their purchase decisions based upon a visual observation of the Products' packaging through the showcase window of a movie theater concession stand or retail outlet store shelf.

18.    Plaintiff and other consumers of the Products who purchased the Products at a movie theater did not have a reasonable opportunity to view any other representations of quantity contained on the Products' packaging, e.g., net weight or serving disclosures.

19.    Even if Plaintiff and other consumers of the Products had a reasonable opportunity to review prior to the point of sale other representations of quantity like net weight or serving disclosures, such as consumers who purchased the Products at

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

---

[2]http://www.consumerreports.org/cro/magazinearchive/2010/january/shopping/product packaging/overview/product-packaging-ov.htm   (quoting   Brian   Wansink, professor and director of the Cornell Food and Brand Lab, who studies shopping behavior of consumers).

5

1    a retail outlet, they did not and would not have reasonably understood or expected it

2    to translate to a quantity of candy product meaningfully different from their

3    expectation of a quantity of candy product commensurate with the size of the box.

4         20.      Plaintiff made a one-time purchase of a box of Mike & Ike® 5 oz. candy

5    product during a visit to the Cinemark Cinemas movie theatre in Los Angeles,

6    California in 2016.

7         21.      Plaintiff paid approximately $4.00 for the Product.

8         22.      At the time Plaintiff purchased the Product, the Product was in a glass

9    showcase, behind a concession counter.

10        23.      Glass showcases are uniformly used for the sale of the Products at all

11    movie theater concession counters throughout California and the United States as a

12    security measure and for customer convenience.

13        24.      Therefore, Plaintiff, like all purchasers of the Products from movie theater

14    concession stands, did not have the opportunity to inspect the Product's packaging

15    for other representations of quantity of candy product contained therein other than

16    the size of the box itself.

17        25.      For example, Plaintiff did not have the opportunity to inspect any net

18    weight or serving disclosures contained on the box. Instead, she observed the Product

19    from a distance through the showcase window and pointed it out to the concession

20    counter employee. Plaintiff then paid for the Product before she took physical

21    possession of the Product.

22        26.      Even if Plaintiff had been given the opportunity to review all parts of the

23    packaging and observed other representations of quantity such as net weight or

24    serving disclosures, Plaintiff would not have reasonably understood or expected it to

25    translate to a quantity of candy product meaningfully different from her expectation

26    of a quantity of candy product commensurate with the size of the box.

27    ///

28    ///

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

6

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

27.     Plaintiff reasonably and detrimentally relied on the size of the box as a representation by Defendant of the quantity of candy product contained in the Products' containers.

28.     Once Plaintiff took her seat in the movie theater, Plaintiff opened the top of the Product's box. Only then did she discover—to her disappointment—that the Product's box was only roughly half full, while the other half constituted nonfunctional slack-fill.

29.     Prior to the point of sale, the Products' packaging does not allow for a visual or audial confirmation of the contents of the Products. The Products' opaque packaging prevents a consumer from observing the contents before opening. Even if a consumer were to "shake" the Products before opening, it is impossible for the consumer to discern the presence of any nonfunctional slack-fill.

30.     The other information that Defendant provides about quantity of candy product on the front label and back label of the Products does not enable a consumer to form any meaningful understanding about how to gauge the quantity of contents of the Products as compared to the size of the box itself.

31.     The front label of the Products indicates a net weight of 5.0 ounces (141 grams). The nutritional panel on the back of the Products reports a serving size of 1.5 ounces and total of 3.5 servings per container. True and correct representations of the Products' front and back labels with annotations of other quantity disclosures are set forth below.

 



32.    Disclosures of net weight and serving sizes in a measurement of ounces or grams does not allow the reasonable California or American consumer to make any meaningful conclusion about the quantity of candy product contained in the Products' boxes that would be different from the reasonable consumer's expectation that the quantity of candy product is commensurate with the size of the box.

33.    Plaintiff would not have purchased the Products had she known the Products contained slack-fill which serves no functional or lawful purpose.

34.    During Plaintiff's investigation, Plaintiff confirmed that Defendant uniformly under-fills the Products' boxes, rendering a whopping 46% of each box slack-fill, nearly all of which serves no functional or lawful purpose. True and correct representations of the inside of the Hot Tamale® box is pictured on the below left and the inside of the Mike & Ike® box is on the below right.

 

8

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

35. The Products are made, formed, and filled as to be misleading. The Products therefore are misbranded.

36. The slack-fill contained in the Products does not serve a legitimate or lawful purpose.

37. The slack-fill contained in the Products does not protect the contents of the packages.

38. In fact, the greater the slack-fill, the more room the contents have to bounce around during shipping and handling, and the more likely the contents are to break and sustain damage.

39. If, on the other hand, the amount of candy product contained in each box were commensurate with the size of the box as consumers expect, then the candy product would have less room to move around during shipping and handling, and would be less likely to sustain damage.

40. As such, the slack-fill present in the Products makes the candy product more susceptible to damage, and in fact causes the candy product to often sustain damage.

41. The Products are packaged in a box and sealed with heated glue. A true and correct representation of the heated glue is shown in the image below.



42. The equipment used to seal the carton does not breach the inside of the Products' containers during the packaging process. The heated glue is applied to an exterior flap of the box, which is then sealed over the top by a second exterior flap.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

43.    Neither the heated glue application nor the sealing equipment require slack-fill during the manufacturing process. Even if there were no slack-fill present in the Products' boxes, the machines used for enclosing the contents in the package would work without disturbing the packaging process.

44.    The slack-fill present in the Products' container is not a result of the candy product settling during shipping and handling.  Given the Products' density, shape, and composition, any settling occurs immediately at the point of filling the box. No additional product settling occurs during subsequent shipping and handling.

45.    Contrary to a powder product, for example, the contents of the Products are of a great enough density such that any slack-fill present at the point of sale was present at the time of filling the containers and packaging the contents.

46.    At the side of the Products' box, at the very top, the Products' packaging bears a perforated tab one half-inch in length labeled "PUSH HERE TO OPEN." True and correct representations of the side of the boxes containing the perforated dispensing tab is shown in the images below.



47.    The perforated tab apparently is intended as a convenient method of dispensing the contents of the Products instead of unsealing the glued flaps at the top. The perforated tab amounts to approximately 8.3% of the 6-inch height of the box. Theoretically, were Defendant to fill the Products' boxes with candy product above the bottom level of the perforated tab, then it could make it difficult for consumers to

10

push open the perforated tab and/or dispense the candy product through the perforated tab without spillage. Thus, the 8.3% slack-fill attributable to the perforated dispensing tab is arguably functional slack-fill.

48.     However, the balance of 35.7% slack-fill contained in the Products is nonfunctional slack-fill.

49.     The Products do not use packaging that is part of a reusable container with any significant value to the Products independent of its function to hold the candy product.

50.     For example, the Products' containers are not commemorative items.

51.     The Products' containers are boxes intended to be discarded into the recycling bin immediately after the contents have been completely consumed.

52.     Defendant can easily increase the quantity of candy product contained in each Product container or, alternatively, decrease the size of the containers, by 35.7%.

53.     The "Nutrition Facts" panel on the back of each box states "Servings Per Container about 3.5." By arithmetic, each serving would be the equivalent of: 91.7% expected total fill, divided by 3.5 servings, yielding a value of 26.2% of volume per serving. Given the Products can accommodate an additional 35.7% of candy product, consumers are being shortchanged roughly 1.4 servings per box.

54.     Contrast Defendant's packaging of the Products with a comparator product like "Boston Baked Beans" ("BBB"), a candy product manufactured by Ferrara Candy Company and similarly sold at movie theaters located throughout California and the United States. A true and correct representation of the front of the BBB product is shown in the image below.



CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

11

55. BBB is sold in identical packaging to that of the Products, i.e., opaque boxes of identical size, shape, volume, and material.

56. BBB is packaged using nearly identical fill and heated glue enclosing machines to those of the Products.

57. BBB is a coated candy of nearly identical size, shape, and density of that of the Products.

58. However, contrary to the Products, BBB has very little slack-fill and zero nonfunctional slack-fill. A true and correct representation is pictured in the image below.



59. BBB's packaging provides additional evidence that the slack-fill present in the Products is nonfunctional to the tune of 35.7%.

60. BBB's packaging provides additional evidence that the slack-fill present in the Products is not necessary to protect and in fact does not protect the contents of the Products.

61. BBB's packaging provides additional evidence that the slack-fill present in the Products is not a requirement of the machines used for enclosing the contents of the Products.

62. BBB's packaging provides additional evidence that the slack-fill present in the Products is not a result of unavoidable product settling during shipping and handling.

///

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

63.    BBB's packaging provides additional evidence that the slack-fill present in the Products is not needed to perform a specific function.

64.    BBB's packaging provides additional evidence that the slack-fill present in the Products is not part of a legitimate reusable container.

65.    BBB's packaging provides additional evidence that Defendant is able to increase the level of fill.

66.    BBB's packaging provides additional evidence that Defendant has reasonable alternative designs available to package its Products.

67.    Plaintiff did not expect that the Products would contain nonfunctional slack-fill, especially given that nonfunctional slack-fill, as opposed to functional slack-fill, is prohibited by California law and federal law.

68.    Defendant's conduct threatens California consumers by using intentionally deceptive and misleading slack-filled containers. Defendant's conduct also threatens other companies, large and small, who "play by the rules." Defendant's conduct stifles competition and has a negative impact on the marketplace, and reduces consumer choice.

69.    There is no practical reason for the nonfunctional slack-fill present in the Products other than to mislead consumers as to the actual volume of the Products being purchased by consumers while simultaneously providing Defendant with a financial windfall as a result of money saved from lower supply costs.

70.    Plaintiff makes the allegations herein upon personal knowledge as to herself and her own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## CLASS ALLEGATIONS

71.    Plaintiff brings this action on her own behalf and on behalf of all other persons similarly situated. Plaintiff seeks to represent a Class consisting of "All persons who purchased the Products in United States for personal use and not for resale during the time period February 3, 2013, through the present. Excluded from

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

1   the Class are Defendants' officers, directors, and employees, and any individual who

2   received remuneration from Defendants in connection with that individual's use or

3   endorsement of the Product."

4       72.     In the alternative, Plaintiff seeks to represent a Class consisting of "All

5   persons who purchased the Products in the State of California for personal use and

6   not for resale during the time period February 3, 2013, through the present. Excluded

7   from the Class are Defendants' officers, directors, and employees, and any individual

8   who received remuneration from Defendants in connection with that individual's use

9   or endorsement of the Product."

10      73.     The Class is so numerous that their individual joinder herein is

11  impracticable. On information and belief, the Class numbers in the hundreds of

12  thousands or more throughout the United States and California. The Class is

13  sufficiently numerous because hundreds of thousands of units of the Products have

14  been sold in California during the time period February 3, 2013, through the present

15  (the "Class Period").

16      74.     There is a well-defined community of interest in the questions of law and

17  fact involved affecting the parties to be represented.  The questions of law and fact

18  common to the Class predominate over questions which may affect individual Class

19  members.  Common questions of law and fact include, but are not limited to, the

20  following:

21              a.      Whether Defendant's conduct constitutes an unfair method of

22  competition, or unfair or deceptive act or practice, in violation of Civil Code Section

23  1750, *et seq.*;

24              b.      Whether Defendant misrepresented the approval of the FDA,

25  United States Congress, and California Legislature that the Products' packaging

26  complied with federal and California slack-fill regulations and statutes in violation of

27  Civil Code Section 1750, *et seq.*;

28  ///

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

c.   Whether Defendant used deceptive representations in connection with the sale of the Products in violation of Civil Code Section 1750, *et seq.*;

d.   Whether Defendant represented the Products have characteristics or quantities that they do not have in violation of Civil Code Section 1750, *et seq.*;

e.   Whether Defendant advertised the Products with intent not to sell them as advertised in violation of Civil Code Section 1750, *et seq.*;

f.   Whether Defendant represented that the Products have been supplied in accordance with a previous representation of quantity of candy product contained therein by way of its packaging when it has not, in violation of Civil Code Section 1750, *et seq.*;

g.   Whether Defendant's packaging is untrue or misleading in violation of Business and Professions Code Section 17500, *et seq.*;

h.   Whether Defendant knew or by the exercise of reasonable care should have known its packaging was and is untrue or misleading in violation of Business and Professions Code Section 17500, *et seq.*;

i.   Whether Defendant's conduct is an unfair business practice within the meaning of Business and Professions Code Section 17200, *et seq.*;

j.   Whether Defendant's conduct is a fraudulent business practice within the meaning of Business and Professions Code Section 17200, *et seq.*;

k.   Whether Defendant's conduct is an unlawful business practice within the meaning of Business and Professions Code Section 17200, *et seq.*;

l.   Whether Defendant's packaging is false or misleading and therefore misbranded in violation of California Health and Safety Code sections 110660, 110665, or 110670;

m.   Whether the Products contain nonfunctional slack-fill in violation of 21 C.F.R. 100.100, *et seq.*;

n.   Whether Plaintiff and the Class paid more money for the Products than they actually received; and

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

1    o.   How much money Plaintiff and the Class paid for the Products than
2  they actually received.

3    75.   Plaintiff's claims are typical of the claims of the Class, and Plaintiff will
4  fairly and adequately represent and protect the interests of the Class.  Plaintiff has
5  retained competent and experienced counsel in class action and other complex
6  litigation.

7    76.   Plaintiff and the Class have suffered injury in fact and have lost money as
8  a result of Defendant's false representations. Plaintiff purchased the Product under
9  the false belief that the Product contained an amount of candy product commensurate
10  with the size of the box. Plaintiff relied on Defendant's packaging and would not have
11  purchased the Product if she had known that the Product contained nonfunctional
12  slack-fill.

13    77.   A class action is superior to other available methods for fair and efficient
14  adjudication of this controversy. The expense and burden of individual litigation
15  would make it impracticable or impossible for the Class to prosecute their claims
16  individually.

17    78.   The trial and litigation of Plaintiff's claims are manageable. Individual
18  litigation of the legal and factual issues raised by Defendant's conduct would increase
19  delay and expense to all parties and the court system.  The class action device presents
20  far fewer management difficulties and provides the benefits of a single, uniform
21  adjudication, economies of scale, and comprehensive supervision by a single court.

22    79.   Defendant has acted on grounds generally applicable to the entire Class,
23  thereby making final injunctive relief and/or corresponding declaratory relief
24  appropriate with respect to the Class as a whole.  The prosecution of separate actions
25  by individual Class members would create the risk of inconsistent or varying
26  adjudications with respect to individual Class members that would establish
27  incompatible standards of conduct for Defendant.

28  ///

80.     Absent a class action, Defendant will likely retain the benefits of its wrongdoing.  Because of the small size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.  Absent a representative action, the Class will continue to suffer losses and Defendant will be allowed to continue these violations of law and to retain the proceeds of their ill-gotten gains.

## COUNT ONE

### Violation of California Consumers Legal Remedies Act,

### California Civil Code § 1750, *et seq.*

81.     Plaintiff repeats and realleges all allegations of the previous paragraphs, and incorporates the same as if set forth herein at length.

82.     Plaintiff brings this cause of action pursuant to Civil Code Section 1750, *et seq.*, the Consumers Legal Remedies Act ("CLRA"), on her own behalf and on behalf of all other persons similarly situated. Plaintiff seeks to represent a Class consisting of "All persons who purchased the Products in United States for personal use and not for resale during the time period February 3, 2013, through the present. Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Product."

83.     In the alternative, Plaintiff seeks to represent a Class consisting of "All persons who purchased the Products in the State of California for personal use and not for resale during the time period February 3, 2013, through the present. Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Product."

84.     The Class consists of thousands of persons, the joinder of whom is impracticable.

85.     There are questions of law and fact common to the Class, which questions

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

17

are substantially similar and predominate over questions affecting the individual Class members, including but not limited to those questions listed in Paragraph 84, above.

86.     The CLRA prohibits certain "unfair methods of competition and unfair or deceptive acts or practices" in connection with a sale of goods.

87.     The practices described herein, specifically Defendant's packaging, advertising, and sale of the Products, were intended to result in the sale of the Product to the consuming public and violated and continue to violate the CLRA by (1) misrepresenting the approval of the Products as compliant with 21 C.F.R §100.100 and the Sherman Law; (2) using deceptive representations in connection with the Products; (3) representing the Products have characteristics and quantities that they do not have; (4) advertising and packaging the Products with intent not to sell them as advertised and packaged; and (5) representing that the Products have been supplied in accordance with a previous representation as to the quantity of candy product contained within each box, when it has not.

88.     Defendant fraudulently deceived Plaintiff and the Class by representing that the Products' packaging which includes 35.7% nonfunctional slack-fill actually conforms with federal and California slack-fill regulations and statutes including the Sherman Law and 21 C.F.R. 100.100.

89.     Defendant packaged the Products in boxes which contain 35.7% nonfunctional slack-fill by making material misrepresentations to fraudulently deceive Plaintiff and the Class.

90.     Defendant fraudulently deceived Plaintiff and the Class by misrepresenting the Products as having characteristics and quantities which they do not have, e.g., that the Products are free of nonfunctional slack-fill when they are not. In doing so, Defendant intentionally misrepresented and concealed material facts from Plaintiff and the Class.  Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and the Class and depriving them of their

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

18

1    legal rights and money.

2        91.    Defendant fraudulently deceived Plaintiff and the Class by packaging and

3    advertising the Products with intent not to sell them as advertised, by intentionally

4    under-filling the Products' containers and instead replacing candy product with

5    nonfunctional slack-fill. In doing so, Defendant intentionally misrepresented and

6    concealed material facts from Plaintiff and the Class. Said misrepresentations and

7    concealment were done with the intention of deceiving Plaintiff and the Class and

8    depriving them of their legal rights and money.

9        92.    Defendant fraudulently deceived Plaintiff and the Class by representing

10   that the Products were supplied in accordance with an accurate representation as the

11   quantity of candy product contained therein when they were not. Defendant presented

12   the physical dimensions of the Products' packaging to Plaintiff and the Class before

13   the point of purchase and gave Plaintiff and the Class a reasonable expectation that

14   the quantity of candy product contained therein commensurate with the size of

15   packaging. In doing so, Defendant intentionally misrepresented and concealed

16   material facts from Plaintiff and the Class. Said misrepresentations and concealment

17   were done with the intention of deceiving Plaintiff and the Class and depriving them

18   of their legal rights and money.

19       93.    Defendant knew or should have known, through the exercise of

20   reasonable care, that the Products' packaging was misleading.

21       94.    Defendant's actions as described herein were done with conscious

22   disregard of Plaintiff's rights, and Defendant was wanton and malicious in its

23   concealment of the same.

24       95.    Defendant's Product packaging was a material factor in Plaintiff's and the

25   Class's decisions to purchase the Products. Based on Defendant's Product packaging,

26   Plaintiff and the Class reasonably believed that they were getting more candy product

27   than they actually received. Had they known the truth of the matter, Plaintiff and the

28   Class would not have purchased the Products.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

96.     Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's unfair, unlawful, and fraudulent conduct. Specifically, Plaintiff paid for candy product she never received. Plaintiff would not have purchased the Product had she known the boxes contained nonfunctional slack-fill.

97.     Defendant's false and misleading packaging should be enjoined due to the false, misleading, and/or deceptive nature of Defendant's packaging. In addition, Defendant should be compelled to provide restitution and damages to consumers who paid for candy product they never received due to Defendant's representation that it contained a commensurate amount of candy product for a box of its size.

98.     By letter dated August 23, 2016, Plaintiff advised Defendant of its false and misleading claims pursuant to California Civil Code Section 1782(a).

## COUNT TWO

### Violation of California False Advertising Law,

### Business & Professions Code § 17500, *et seq.*

99.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs, and incorporates the same as if set forth herein at length.

100.    Plaintiff brings this cause of action pursuant to Business and Professions Code Section 17500, *et seq.*, on her own behalf and on behalf of all other persons similarly situated. Plaintiff seeks to represent a Class consisting of "All persons who purchased the Products in United States for personal use and not for resale during the time period February 3, 2013, through the present. Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Product."

101.    In the alternative, Plaintiff seeks to represent a Class consisting of "All persons who purchased the Products in the State of California for personal use and not for resale during the time period February 3, 2013, through the present. Excluded from the Class are Defendants' officers, directors, and employees, and any individual

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

1    who received remuneration from Defendants in connection with that individual's use

2    or endorsement of the Product."

3        102.    California's False Advertising Law, California Business and Professions

4    Code Section 17500, *et seq.*, makes it "unlawful for any person to make or

5    disseminate or cause to be made or disseminated before the public in this state, in any

6    advertising device or in any other manner or means whatever, including over the

7    Internet, any statement, concerning personal property or services, professional or

8    otherwise, or performance or disposition thereof, which is untrue or misleading and

9    which is known, or which by the exercise of reasonable care should be known, to be

10   untrue or misleading."

11       103.    Defendant knowingly manipulated the physical dimensions of the

12   Products' boxes, or stated another way, under-filled the amount of candy product in

13   each of the Products, by including 35.7% nonfunctional slack-fill as a means to

14   mislead the public about the amount of candy product contained in each package.

15       104.    Defendant controlled the packaging of the Products. They knew or should

16   have known, through the exercise of reasonable care that its representations about the

17   quantity of candy product contained in the Products were untrue and misleading.

18       105.    The general public bases its purchasing decisions on the dimensions of a

19   product's packaging. Consumers generally do not look at any label information, such

20   as net weight or serving disclosures. Instead, the general public chooses a larger box

21   because it leads them to believe they are receiving a better value.

22       106.    Defendant's packaging with 35.7% nonfunctional slack-fill instead of

23   including more candy product or smaller boxes is likely deceive the general public.

24       107.    Defendant's actions in violation of Section 17500 were false and

25   misleading such that the general public is and was likely to be deceived.

26       108.    Pursuant to Business and Professions Code Section 17535, Plaintiff and

27   the Class seek an order of this Court enjoining Defendant from continuing to engage,

28   use, or employ their practice of under-filling the Products' containers. Likewise,

1    Plaintiff and the Class seek an order requiring Defendant to disclose such

2    misrepresentations, and additionally request an order awarding Plaintiff and the Class

3    restitution of the money wrongfully acquired by Defendant by means of

4    responsibility attached to Defendant's failure to disclose the existence and

5    significance of said misrepresentations in an amount to be determined at trial.

6        109.    Plaintiff and the Class have suffered injury in fact and have lost money as

7    a result of Defendant's false representations. Plaintiff purchased the Product in

8    reliance upon the claims by Defendant that the Product was of the quantity

9    represented by Defendant's packaging and advertising. Plaintiff would not have

10   purchased the Product if she had known that the claims and advertising as described

11   herein were false.

## COUNT THREE

### Violation of California Unfair Competition Law,

### Business & Professions Code § 17200, *et seq.*

15       110.    Plaintiff repeats and realleges the allegations set forth above, and

16   incorporate the same as if set forth herein at length.

17       111.    Plaintiff brings this cause of action pursuant to Business and Professions

18   Code Section 17200, *et seq.*, on her own behalf and on behalf of all other persons

19   similarly situated. Plaintiff seeks to represent a Class consisting of "All persons who

20   purchased the Products in United States for personal use and not for resale during the

21   time period February 3, 2013, through the present. Excluded from the Class are

22   Defendants' officers, directors, and employees, and any individual who received

23   remuneration from Defendants in connection with that individual's use or

24   endorsement of the Product."

25       112.    In the alternative, Plaintiff seeks to represent a Class consisting of "All

26   persons who purchased the Products in the State of California for personal use and

27   not for resale during the time period February 3, 2013, through the present. Excluded

28   from the Class are Defendants' officers, directors, and employees, and any individual

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

22

CLASS ACTION COMPLAINT

1 who received remuneration from Defendants in connection with that individual's use
2 or endorsement of the Product."

3     113.    Congress passed the Federal Food, Drug, and Cosmetic Act ("FDCA"),
4 and in so doing established the Federal Food and Drug Administration ("FDA") to
5 "promote the public health" by ensuring that "foods are safe, wholesome, sanitary,
6 and properly labeled." 21 U.S.C. § 393.

7     114.    The FDA has implemented regulations to achieve this objective. *See,*
8 *e.g.,* 21 C.F.R. § 101.1 *et seq.*

9     115.    The FDA enforces the FDCA and accompanying regulations; "[t]here is
10 no private right of action under the FDCA." *Ivie v. Kraft Foods Global, Inc.,* 2013
11 U.S. Dist. LEXIS 25615, 2013 WL 685372, at *1 (internal citations omitted).

12     116.    In 1990, Congress passed an amendment to the FDCA, the Nutrition
13 Labeling and Education Act ("NLEA"), which imposed a number of requirements
14 specifically governing food nutritional content labeling. *See, e.g., 21 U.S.C. § 343 et.*
15 *seq.*

16     117.    Plaintiff is not suing under the FDCA, but under California state law.

17     118.    The California Sherman Food, Drug, and Cosmetic Act ("Sherman
18 Law"), Cal. Health & Safety Code § 109875 *et seq.,* has adopted wholesale the food
19 labeling requirements of the FDCA and NLEA as the food regulations of
20 California. Cal. Health & Safety Code § 110100.

21     119.    The Sherman Law declares any food to be misbranded if it is false or
22 misleading in any particular, if the labeling does not conform with the requirements
23 for nutrition labeling set forth in certain provisions of the NLEA. Cal. Health &
24 Safety Code §§ 110660, 110665, 110670.

25     120.    The UCL prohibits "any unlawful, unfair... or fraudulent business act or
26 practice." Cal. Bus & Prof. Code § 17200.

27     **A.  "Unfair" Prong**

28     121.    Under California's False Advertising Law, Cal. Bus. & Prof. Code

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

Section 17200, *et seq.*, a challenged activity is "unfair" when "any injury it causes outweighs any benefits provided to consumers and the injury is one that the consumers themselves could not reasonably avoid." *Camacho v. Auto Club of Southern California*, 142 Cal. App. 4th 1394, 1403 (2006).

122.    Defendant's action of leaving 35.7% nonfunctional slack-fill in its Products does not confer any benefit to consumers.

123.    Defendant's action of leaving 35.7% nonfunctional slack-fill in its Products causes injuries to consumers because they do not receive a quantity of candy commensurate with their reasonable expectation.

124.    Defendant's action of leaving 35.7% nonfunctional slack-fill in its Products causes injuries to consumers because they do not receive a level of hunger satiety commensurate with their reasonable expectation.

125.    Defendant's action of leaving 35.7% nonfunctional slack-fill in its Products causes injuries to consumers because they end up overpaying for the Products and receiving a quantity of candy less than what they expected to receive.

126.    Consumers cannot avoid any of the injuries caused by the 35.7% nonfunctional slack-fill in Defendant's Products.

127.    Accordingly, the injuries caused by Defendant's activity of including 35.7% nonfunctional slack-fill in the Products outweighs any benefits.

128.    Some courts conduct a balancing test to decide if a challenged activity amounts to unfair conduct under California Business and Professions Code Section 17200. They "weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1169 (9th Cir. 2012).

129.    Here, Defendant's conduct of including 35.7% nonfunctional slack-fill in the Products' packaging has no utility and financially harms purchasers.  Thus the utility of Defendant's conduct is vastly outweighed by the gravity of harm.

130.    Some courts require that "unfairness must be tethered to some legislative

declared policy or proof of some actual or threatened impact on competition." *Lozano v. AT&T Wireless Servs. Inc.*, 504 F. 3d 718, 735 (9th Cir. 2007).

131.    The California legislature maintains a declared policy of prohibiting nonfunctional slack-fill in consumer goods, as reflected in California Health and Safety Code Section 110100.

132.    The 35.7% of nonfunctional slack-fill contained in the Products is tethered to a legislative policy declared in California according to Cal. Health & Safety Code § 110100.

133.    Defendant's packaging of the Products, as alleged in the preceding paragraphs, is false, deceptive, misleading, and unreasonable, and constitutes unfair conduct.

134.    Defendants knew or should have known of its unfair conduct.

135.    As alleged in the preceding paragraphs, the misrepresentations by Defendant detailed above constitute an unfair business practice within the meaning of California Business and Professions Code Section 17200.

136.    There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Defendant could have used packaging appropriate for the amount of candy product contained within the Products.

137.    All of the conduct alleged herein occurs and continues to occur in Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

138.    Pursuant to Business and Professions Code Sections 17203, Plaintiff and the Class seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its practice of under-filling the Products' boxes. Likewise, Plaintiff and the Class seek an order requiring Defendant to disclose such misrepresentations, and additionally request an order awarding Plaintiff restitution of the money wrongfully acquired by Defendant by means of responsibility attached to Defendant's

CLARKSON LAW FIRM, P.C.,
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

failure to disclose the existence and significance of said misrepresentations in an amount to be determined at trial.

139.   Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's unfair conduct. Plaintiff paid an unwarranted premium for these products. Specifically, Plaintiff paid for 35.7% of candy product she never received.  Plaintiff would not have purchased the Product if she had known that the Products' packaging contained nonfunctional slack-fill.

**B.   "Fraudulent" Prong**

140.   California Business and Professions Code Section 17200, *et seq.*, considers conduct fraudulent and prohibits said conduct if it is likely to deceive members of the public. *Bank of Wes v. Superior Court*, 2 Cal. 4th 1254, 553 (1992).

141.   Members of the public base their purchasing decisions on the dimensions of a product's packaging. They generally do not view label information or net weight and serving disclosures. Members of the public choose a larger box because they automatically assume it has better value.

142.   Defendant's conduct of packaging the Products with 35.7% nonfunctional slack-fill is likely to deceive members of the public.

143.   Defendant's packaging of the Product, as alleged in the preceding paragraphs, is false, deceptive, misleading, and unreasonable, and constitutes fraudulent conduct.

144.   Defendant knew or should have known of its fraudulent conduct.

145.   As alleged in the preceding paragraphs, the misrepresentations by Defendant detailed above constitute a fraudulent business practice in violation of California Business & Professions Code Section 17200.

146.   There were reasonably available alternatives to further Defendant's legitimate business interests other than the conduct described herein. Defendant could have used packaging appropriate for the amount of Product contained therein.

147.   All of the conduct alleged herein occurs and continues to occur in

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

CLASS ACTION COMPLAINT

Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

148.    Pursuant to Business and Professions Code Sections 17203, Plaintiff and the Class seek an order of this Court enjoining Defendant from continuing to engage, use, or employ their practice of under-filling the Products' containers.  Likewise, Plaintiff and the Class seek an order requiring Defendant to disclose such misrepresentations, and additionally request an order awarding Plaintiff restitution of the money wrongfully acquired by Defendant by means of responsibility attached to Defendant's failure to disclose the existence and significance of said misrepresentations in an amount to be determined at trial.

149.    Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's fraudulent conduct. Plaintiff paid an unwarranted premium for these products.  Specifically, Plaintiff paid for 35.7% of candy product she never received.  Plaintiff would not have purchased the Product if she had known that the boxes contained nonfunctional slack-fill.

### C.    "Unlawful" Prong

150.    California Business and Professions Code Section 17200, *et seq.*, identifies violations of other laws as "unlawful practices that the unfair competition law makes independently actionable." *Velazquez v. GMAC Mortg. Corp.*, 605 F. Supp. 2d 1049, 1068 (C.D. Cal. 2008).

151.    Defendant's packaging of the Products, as alleged in the preceding paragraphs, violates California Civil Code Section 1750, *et. seq.*, California Business and Professions Code Section 17500, *et. seq.*, California's Sherman Law, the FDCA, and 21 C.F.R §100.100.

152.    Defendant's packaging of the Products, as alleged in the preceding paragraphs, is false, deceptive, misleading, and unreasonable, and constitutes unlawful conduct.

153.    Defendant knew or should have known of its unlawful conduct.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

1    154.   As alleged in the preceding paragraphs, the misrepresentations by

2    Defendant detailed above constitute an unlawful business practice within the meaning

3    of California Business and Professions Code Section 17200.

4    155.   There were reasonably available alternatives to further Defendant's

5    legitimate business interests, other than the conduct described herein. Defendant

6    could have used packaging appropriate for the amount of candy product contained

7    therein.

8    156.   All of the conduct alleged herein occurred and continues to occur in

9    Defendant's business. Defendant's wrongful conduct is part of a pattern or

10   generalized course of conduct repeated on thousands of occasions daily.

11   157.   Pursuant to Business and Professions Code Sections 17203, Plaintiff and

12   the Class seek an order of this Court enjoining Defendant from continuing to engage,

13   use, or employ their practice of under-filling the Products' boxes. Likewise, Plaintiff

14   and the Class seek an order requiring Defendant to disclose such misrepresentations,

15   and additionally request an order awarding Plaintiff restitution of the money

16   wrongfully acquired by Defendant by means of responsibility attached to Defendant's

17   failure to disclose the existence and significance of said misrepresentations in an

18   amount to be determined at trial.

19   158.   Plaintiff and the Class have suffered injury in fact and have lost money

20   as a result of Defendant's unlawful conduct. Plaintiff paid an unwarranted premium

21   for these products. Specifically, Plaintiff paid for 35.7 % candy product she never

22   received. Plaintiff would not have purchased the Product if she had known that the

23   Products contained nonfunctional slack-fill.

24   ///

25   ///

26   ///

27   ///

28   ///

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

28

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and on behalf of the Class defined herein, prays for judgment and relief on all Causes of Action as follows:

A.   For an order certifying the Class, appointing Plaintiff as class representative, and designating Plaintiff's counsel as counsel for the Class;

B.   For all forms of relief set forth above;

C.   Damages against Defendant in an amount to be determined at trial, together with pre- and post-judgment interest at the maximum rate allowable by law on any amounts awarded;

D.   Restitution and/or disgorgement in an amount to be determined at trial;

E.   Punitive damages;

F.   An order enjoining Defendant from continuing to engage in the unlawful conduct and practices described herein;

G.   Reasonable attorney fees and costs; and

H.   Granting such other and further as may be just and proper.

# JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all triable issues.

DATED: February 3, 2017                    **CLARKSON LAW FIRM, P.C.**

                                             /s/ Ryan J. Clarkson
                                            Ryan J. Clarkson, Esq.
                                            Shireen M. Clarkson, Esq.
                                            Shalini M. Dogra, Esq.
                                            Attorneys for Plaintiff

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

29
CLASS ACTION COMPLAINT