LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 17-01826 BRO (PJWx) | Date | March 29, 2017 |
|---|---|---|---|
| Title | STEPHANIE ESCOBAR V. JUST BORN, INC. ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee Fisher | Not Present | N/A |
| CourtroomDeputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:**     (IN CHAMBERS)

## ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

A federal court must determine that subject matter jurisdiction exists even where the parties do not raise the issue.  *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996).  Because federal courts are of limited jurisdiction, they possess original jurisdiction only as authorized by the Constitution and federal statutes.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  The Court's "original jurisdiction" may be established pursuant to 28 U.S.C. § 1332(d) if: (1) the "number of members of all proposed plaintiff classes in the aggregate" exceeds 100, (2) the aggregate amount in controversy exceeds $5,000,000, and (3) any class member is a citizen of a state different from any defendant.  28 U.S.C. § 1332(d).

Just Born, Inc. ("Defendant") argues in its Removal: "Plaintiff [Stephanie Escobar] does not plead a specific amount of damages, the aggregate amount-in-controversy here easily exceeds $5,000,000."  (Dkt. No. 1 ("Removal") at 5, ¶ 18.)  And Defendant explains that: (1) "Plaintiff allegedly paid approximately $4.00 for Just Born's product," (Removal ¶ 18 (citing Compl. ¶ 21)); (2) "the putative class here includes 'hundreds of thousands' of members," (*id.* (citing Compl. ¶ 73)); and, (3) "a conservative estimation would place the amount in controversy at $8 million (i.e., $4 * 200,000 members * 10 purchases (two for each of the five years))," (*id.* (citing Compl. ¶ 8)).

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 17-01826 BRO (PJWx) | Date | March 29, 2017 |
|---|---|---|---|
| Title | STEPHANIE ESCOBAR V. JUST BORN, INC. ET AL. | | |

The Court is unable to determine, based on Defendant's Removal, whether the aggregate amount in controversy exceeds $5,000,000. The Court therefore **ORDERS** Defendant to show cause as to why this case should not be remanded for lack of subject matter jurisdiction, specifically in regard to the amount in controversy. Defendant must respond by **April 4, 2017 by 4:00 p.m.** A satisfactory response to this Order will include reasons for the assumptions underlying Defendant's calculation that each putative class member purchased two of the subject products, per year, for five years.

**IT IS SO ORDERED.**                                                                                      :

                                                      Initials of Preparer         rf