LINK:

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES – GENERAL

| Case No. | **CV 17-01826 BRO (PJWx)** | | Date | June 12, 2017 |
|---|---|---|---|---|
| Title | **STEPHANIE ESCOBAR V. JUST BORN, INC. ET AL.** | | | |

| 3Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Cheryl Wynn | Not Present | N/A |
| Relief Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS)
### ORDER RE DEFENDANT'S MOTION TO DISMISS [14]

## I.      INTRODUCTION33

Pending before the Court is Defendant Just Born, Inc.'s ("Defendant" or "Just Born") Motion to Dismiss the Complaint. (Dkt. No. 14 (hereinafter, "Motion" or "Mot.").) After considering the papers filed in support of and in opposition to the instant Motion, the Court deems this matter appropriate for resolution without oral argument of counsel. Fed. R. Civ. P. 78; C.D. Cal. L. R. 7-15. For the following reasons, the Court **DENIES** Defendant's Motion.

## II.     BACKGROUND

### A.     Factual Background

Plaintiff Stephanie Escobar ("Plaintiff" or "Escobar") is a California citizen who resides in Los Angeles County. (Dkt. No. 1-1 (hereinafter, "Compl.") ¶ 3.) Defendant Just Born is a corporation headquartered in and principally operated out of Pennsylvania. (*Id.* ¶ 4.) Plaintiff brings this class action alleging that Defendant misleadingly packaged and sold its Mike and Ike® and Hot Tamales® brand candy products (the "Products"). (Compl. ¶¶ 1, 2.) According to Plaintiff, Defendant packages its Products in opaque, rectangular boxes that measure 6 inches high by 3 inches wide by 1 inch deep. (*Id.* ¶¶ 2, 15.) The Products' net weigh of 5 ounces (141 grams) is printed on the Products' front label. (*Id.* ¶ 31.) The nutrition facts on the back of the Products list a serving size of 1.5 ounces, and a total of 3.5 servings per box. (*Id.* ¶ 31.) The manufacturer allegedly seals the Products in the box using heated glue, such that "[t]he equipment used to seal the carton does not breach the inside of the Products' containers during the packaging process." (*Id.* ¶ 42.) And Plaintiff alleges that "[a]t the side of the Products' box, at the

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL MINUTES – GENERAL**

| Case No. | **CV 17-01826 BRO (PJWx)** | Date | June 12, 2017 |
|---|---|---|---|
| Title | **STEPHANIE ESCOBAR V. JUST BORN, INC. ET AL.** | | |

very top, the Products' packaging bears a perforated tab one half-inch in length labeled 'PUSH HERE TO OPEN.'" (*Id.* ¶ 46.)

Plaintiff avers that the size of the box "is a representation by Defendant as to the amount of candy contained in the box[,]" upon which Plaintiff and other consumers "detrimentally and reasonably relied . . . when they purchased the Products." (Compl. ¶ 16.) But Plaintiff claims that the boxes are "uniformly under-fill[ed] . . . by 46%." (*Id.* ¶ 2.) According to Plaintiff, this 46% empty space is "'slack-fill,' nearly all of which serves no legitimate or lawful function." (*Id.*) According to Plaintiff, "[t]here is no practical reason for the nonfunctional slack-fill present in the Products other than to mislead consumers as to the actual volume of the Products being purchased . . . while simultaneously providing Defendant with a financial windfall as a result of money saved from lower supply costs." (*Id.* ¶ 69.)

Plaintiff alleges that she purchased a box of Products for approximately $4.00 at a movie theatre in Los Angeles in 2016. (Compl. ¶¶ 20, 21.) At the time of purchase, Plaintiff assertedly was unable to "inspect the Products' packaging for representations of quantity of candy product contained therein other than the size of the box itself." (*Id.* ¶ 24.) Upon opening the Product, Plaintiff, to her dismay, discovered that "the Product's box was only roughly half full, while the other half constituted nonfunctional slack-fill." (*Id.* ¶ 28.) Plaintiff alleges that she "would not have purchased the Products had she known the Products contained slack-fill which serves no functional or lawful purpose." (*Id.* ¶ 33.) Plaintiff brings this class action based upon the Products' allegedly deceptive packaging and her disappointment upon opening her box of Products.

**B.     Procedural Background**

Plaintiff filed her Complaint in the Superior Court of California, County of Los Angeles ("Los Angeles Superior Court") on February 6, 2017. (*See* Compl. at 1.) In the Complaint, Plaintiff brings three claims: (1) violation of California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.* ("CLRA"); (2) violation of California False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.* (the "FAL"); and, (3) violation of California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"). (*See* Compl. at 1.) On March 7, 2017, Defendant removed the Class Action to federal court. (*See* Dkt. No. 1 ("Removal").) The Court ordered Defendant to show cause regarding the amount in controversy for purposes of jurisdiction on March

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL MINUTES – GENERAL**

| Case No. | **CV 17-01826 BRO (PJWx)** | Date | June 12, 2017 |
|----------|-----------------------------|------|---------------|
| Title | **STEPHANIE ESCOBAR V. JUST BORN, INC. ET AL.** | | |

29, 2017.  (Dkt. No. 10 ("OSC").)  Defendant satisfactorily responded to the Court's OSC on April 3, 2017.  (*See* Dkt. No. 11.)

On April 13, 2017, Defendant filed the instant Motion, (*see* Mot.) attaching a Request for Judicial Notice, (Dkt. No. 15 ("RJN")).  Plaintiff opposed Defendant's Motion on May 22, 2017.  (Dkt. No. 17 ("Opp'n").)  Defendant replied in support of its Motion on May 26, 2017.  (Dkt. No. 18 ("Reply").)  Then, on May 31, 2017, Plaintiff moved, ex parte, for leave to file a sur-reply.  (*See* Dkt. No. 19 (hereinafter, the "Ex Parte Application").)  Defendant opposed the Ex Parte Application on June 1, 2017.  (Dkt. No. 21 ("Ex Parte Opp'n").)  The Court granted Plaintiff's Ex Parte Application, (see Dkt. No. 22), and Plaintiff filed her sur-reply on June 9, 2017.  (*See* Dkt. No. 24 ("Sur-Reply")).

## III.   JUDICIAL NOTICE

As noted above, along with its Motion, Defendant filed a Request for Judicial Notice.  (*See* RJN.)  Defendant requests that the Court judicially notice photographs of the Products and packaging upon which Plaintiff's claims are based.  (*See* RJN at 1.)  Plaintiff does not oppose Defendant's RJN.  When considering a motion to dismiss, a court typically does not look beyond the complaint in order to avoid converting a motion to dismiss into a motion for summary judgment.  *See Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).  Notwithstanding this precept, a court may properly consider: (1) material which is included as part of the complaint; (2) documents incorporated by reference into the complaint; and, (3) material subject to judicial notice pursuant to Federal Rule of Evidence 201.  *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).  A court "must take judicial notice if a party requests it and the court is supplied with the necessary information."  *See* Fed. R. Evid. 201(c)(2); *In re Icenhower*, 755 F.3d 1130, 1142 (9th Cir. 2014).

Plaintiff includes photographs of the Products' packaging in her Complaint, though these photographs are in black and white and difficult to decipher.  (*See* Compl. ¶ 1.)  Accordingly, Defendant proffers additional, higher-resolution photographs of the Products and their packaging.  (*See* Dkt. No. 14-3, Brosas Decl., Ex. A.)  Plaintiff does not dispute the authenticity of these photographs and references the Products' packaging

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL MINUTES – GENERAL**

| Case No. | **CV 17-01826 BRO (PJWx)** | Date | June 12, 2017 |
|---|---|---|---|
| Title | **STEPHANIE ESCOBAR V. JUST BORN, INC. ET AL.** | | |

extensively in her Complaint.  (*See, e.g.*, Compl. ¶ 1.)  Therefore, the Court considers the packaging incorporated by reference into Plaintiff's Complaint and **GRANTS** Defendant's RJN.  *See Bronson v. Johnson & Johnson, Inc.*, No. C 12-04184 CRB, 2013 WL 1629191, at *1 n.1 (N.D. Cal. Apr. 16, 2013) (granting request for judicial notice of color photographs of product labeling where the labels formed the basis of the plaintiff's complaint); *Rooney v. Cumberland Packing Corp.*, No. 12-CV-0033-H (DHB), 2012 WL 1512106, at *2 (S.D. Cal. Apr. 16, 2012) (taking judicial notice of "four color reproductions" of product at issue where the plaintiff did "not dispute the accuracy" of the reproductions "and bases her claims on them"); *McKinniss v. Sunny Delight Beverages Co.*, No. CV 07-02034-RGK (JCx), 2007 WL 4766525, at *4 n.1 (C.D. Cal. Sept. 4, 2007) (granting request for judicial notice where the defendant proffered higher resolution photographs of product labeling than the photographs the plaintiffs included in their complaint); *see also Kanfer v. Pharmacare US, Inc.*, 142 F. Supp. 3d 1091, 1098–99 (S.D. Cal. 2015) ("Courts addressing motions to dismiss product-labeling claims routinely take judicial notice of images of the product packaging.").

## IV.   LEGAL STANDARD

### A.   Standing

Standing "is the threshold question in every federal case, determining the power of the court to entertain the suit."  *Warth v. Seldin*, 422 U.S. 490, 498 (1975).  "Standing is determined by the facts that exist at the time the complaint is filed."  *Clark v. City of Lakewood*, 259 F.3d 996, 1006 (9th Cir. 2001).  To have standing under Article III of the Constitution, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).  "[T]he injury-in-fact requirement requires a plaintiff to allege an injury that is both 'concrete *and* particularized.'"  *Id.* at 1545 (emphasis in original) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)).  "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements."  *Id.* at 1547.  "Where, as here, a case is at the pleading stage, the plaintiff must clearly allege facts demonstrating each element."  *Id.* (alteration and internal quotation marks omitted).

### B.   Rule 8(a)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL MINUTES – GENERAL**

| Case No. | **CV 17-01826 BRO (PJWx)** | Date | June 12, 2017 |
|---|---|---|---|
| Title | **STEPHANIE ESCOBAR V. JUST BORN, INC. ET AL.** | | |

Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). If a complaint fails to do this, the defendant may move to dismiss it under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, there must be "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility'" that the plaintiff is entitled to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557).

In ruling on a motion to dismiss for failure to state a claim, a court should follow a two-pronged approach: first, the court must discount conclusory statements, which are not presumed to be true; and then, assuming any factual allegations are true, the court shall determine "whether they plausibly give rise to entitlement to relief." *See id.* at 679; *accord Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). A court should consider the contents of the complaint and its attached exhibits, documents incorporated into the complaint by reference, and matters properly subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007); *Lee*, 250 F.3d at 688.

The district court may grant a 12(b)(6) motion to dismiss on statute of limitations grounds only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled. *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000) (citing *Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)) (internal quotation marks omitted).

A motion to dismiss under FRCP 12(b)(6) is proper only where there is either a lack of a "cognizable legal theory" or an absence of sufficient facts to support a cognizable legal theory. O'Connell & Stevenson, Rutter Group Prac. Guide: Federal Civ. Pro. Before Trial § 9:188 (The Rutter Group 2017); *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). The complaint must be construed in the light most favorable to the plaintiff and should not be dismissed for failure to state a claim unless it

LINK:

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES – GENERAL

| Case No. | **CV 17-01826 BRO (PJWx)** | | Date | June 12, 2017 |
|---|---|---|---|---|
| Title | **STEPHANIE ESCOBAR V. JUST BORN, INC. ET AL.** | | | |

appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." *Sutton v. Sokotowski*, No. C 06 6417 VRW, 2007 WL 1113950, at *2 (N.D. Cal. Apr. 13, 2007).

**C.    Rule 9(b)**

Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).  To plead fraud with particularity, the pleader must state the time, place, and specific content of the false representations. *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007).  The allegations "must set forth more than neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about the statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted).  In essence, the defendant must be able to prepare an adequate answer to the allegations of fraud. *Odom*, 486 F.3d at 553.  Where multiple defendants allegedly engaged in fraudulent activity, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).  Rather, a plaintiff must identify each defendant's role in the alleged scheme. *Id.* at 765.

## V.    DISCUSSION

### A.    Standing

Defendant challenges whether Plaintiff has standing to: (1) bring her CLRA, UCL, and FAL claims on the grounds that "[she] cannot plead a cognizable injury because she received <u>precisely</u> the amount of product promised" on the Products' packaging, (Mot. at 17); and, (2) seek injunctive relief now that she is "aware of the alleged slack-fill," (Mot. at 21).  The Court discusses each challenge in turn.

#### 1.    Whether Plaintiff Has Standing Under the CLRA, UCL, and FAL

Plaintiff's CLRA, UCL, and FAL causes of action require her to demonstrate that she suffered harm. *See Krouch v. Wal-Mart Stores, Inc.*, No. 12-CV-02217-YGR, 2014 WL 5463333, at *4–*5 (N.D. Cal. Oct. 28, 2014) (explaining that standing for CLRA, FAL, and UCL claims is limited to plaintiffs who have suffered damages or other injury);

LINK:

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES – GENERAL

| Case No. | CV 17-01826 BRO (PJWx) | Date | June 12, 2017 |
|---|---|---|---|
| Title | STEPHANIE ESCOBAR V. JUST BORN, INC. ET AL. | | |

*Sullivan v. Wash. Mut. Bank, FA*, C-09-2161 EMC, 2009 WL 3458300, at \*4 (N.D. Cal. Oct. 23, 2009); *accord Walker v. USAA Cas. Ins. Co.*, 474 F. Supp. 2d 1168, 1172 (E.D. Cal. 2007) ("[T]o have standing to assert any UCL claim, Plaintiff must show either prior possession or a vested legal interest in the money or property allegedly lost.").

Defendant claims that "Plaintiff cannot plead a cognizable injury because she received <u>precisely</u> the amount of product promised on the packaging of the Product she purchased." (Mot. at 17 (emphasis in original).) Relying on *Baggett v. Hewlett-Packard Co.*, Defendant explains that "a plaintiff seeking to recover for supposed injuries resulting from the purchase of a product or service cannot proceed where, as here, the plaintiff received exactly what she paid for." (Mot. at 17.)

The Court disagrees. The essence of Plaintiff's Complaint is that Defendant not only made a representation via the printed weight of Product, but also by the design and size of the box itself. In other words, due to the allegedly exaggerated size of the box, Plaintiff claims she was promised *more* Product than she ultimately received. More importantly, the Ninth Circuit, interpreting California precedent, has directly contradicted Defendant's position that Plaintiff lacks standing. *See Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1104 (9th Cir. 2013), *as amended on denial of reh'g and reh'g en banc* (July 8, 2013) (quoting *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 330 (Cal. 2011)) ("The *Kwikset* Court explained precisely what a plaintiff must allege when he wishes to satisfy the economic injury requirement in a case involving false advertising: '[a] consumer who relies on a product label and challenges a misrepresentation contained therein can satisfy the standing requirement of section 17204 by alleging . . . that he or she would not have bought the product but for the misrepresentation.'"). Plaintiff has alleged that she would not have bought the Products but-for Defendant's misrepresentation. (*See, e.g.*, Compl. ¶¶ 33, 76, 96.) Accordingly, the Court finds that Plaintiff has satisfactorily pleaded facts to establish her standing to bring her claims.

### 2.   Whether Plaintiff Has Standing to Seek Injunctive Relief

Next, Defendant contends that Plaintiff lacks standing to seek injunctive relief because she cannot allege a threat of future harm. (*See* Mot. at 20.) In the Complaint, Plaintiff seeks injunctive relief to prevent Defendant from "under-filling" its boxes in the future. (*See* Compl. ¶¶ 97, 138, 148, 157.) According to Defendant, "[n]ow that Plaintiff and the Class are aware of the alleged slack-fill, there is no danger that they will be

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL MINUTES – GENERAL**

| Case No. | **CV 17-01826 BRO (PJWx)** | Date | June 12, 2017 |
|----------|----------------------------|------|---------------|
| Title | **STEPHANIE ESCOBAR V. JUST BORN, INC. ET AL.** | | |

misled or deceived by it again in the future. Without a threat of future harm, Plaintiff and the Class lack standing to maintain a claim for injunctive relief." (Mot. at 21.) In Reply, Defendant adds that "Plaintiff's allegations confirm that neither she (nor the class) would be purchasing the product again. [citation omitted] Without a threat of future harm, Plaintiff and the Class lack standing to maintain a claim for injunctive relief." (Reply at 10.)

Plaintiff responds that "Defendant's reasoning is flawed because the fact that Plaintiff has since discovered Defendant's deceptive packaging does not make the packaging less misleading, nor does it mean that the deception is not ongoing." (Opp'n at 22.) Relying on *Chester v. TJX Companies, Inc.*, 2016 WL 4414768, at 8 (C.D. Cal. Aug. 18, 2016), Plaintiff explains that prospective relief in the advertising context is not bound by the rules of "fool me once, shame on you; fool me twice shame on me." (Opp'n at 22–23.) Moreover, Plaintiff claims that "preventing Plaintiff from bringing a class action lawsuit in federal court would thwart the objective of the California consumer protection laws." (Opp'n at 23 (collecting cases).)

"[S]tanding requires that (1) the plaintiff suffered an injury in fact . . . (2) the injury is fairly traceable to the challenged conduct, and (3) the injury is likely to be redressed by a favorable decision." *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 594–95 (9th Cir. 2012) (quoting *Bates v. United Parcel Svc., Inc.,* 511 F.3d 974, 985 (9th Cir. 2007)). To maintain standing, plaintiffs must show a sufficient likelihood that they will be injured again in a similar way and that the future injury can be redressed by injunctive relief. *Luman v. Theismann*, 647 F. App'x 804, 807 (9th Cir. 2016) (citing *Bates,* 511 F.3d at 985); *see also Perez v. Nidek Co.*, 711 F.3d 1109, 1114 (9th Cir. 2013).

The Court is unaware of binding precedent regarding whether Plaintiff, as a putative class representative, has standing to seek injunctive relief despite her knowledge that the Products' boxes contains slack-fill. District courts within the Circuit have taken divergent approaches. On one hand, some courts have found that a plaintiff does not have standing for injunctive relief when the plaintiff is aware of the representation's misleading nature. *See, e.g.*, *Romero v. Flowers Bakeries, LLC*, No. 14-CV-05189-BLF, 2015 WL 2125004, at *7 (N.D. Cal. May 6, 2015); *Anderson v. The Hain Celestial Grp., Inc.*, 87 F. Supp. 3d 1226, 1233–35 (N.D. Cal. 2015); *Ham v. Hain Celestial Grp., Inc.*, 70 F. Supp. 3d 1188, 1196 (N.D. Cal. 2014); *Garrison v. Whole Foods Mkt. Grp., Inc.*, No. 13-CV-05222-VC, 2014 WL 2451290, at *5 (N.D. Cal. June 2, 2014). These courts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | CV 17-01826 BRO (PJWx) | | Date | June 12, 2017 |
|---|---|---|---|---|
| Title | STEPHANIE ESCOBAR V. JUST BORN, INC. ET AL. | | | |

reason that plaintiffs "who were misled by deceptive food labels lack standing for injunctive relief because there is no danger that they will be misled in the future." *Ham*, 70 F. Supp. 3d at 1196. Even if the plaintiff intended to purchase the product in the future, "the nature of [the] alleged injury, *i.e.*, deception, is such that [the plaintiff] personally cannot be harmed in the same way again." *Machlan v. Procter & Gamble Co.*, 77 F. Supp. 3d 954, 960 (N.D. Cal. 2015). While recognizing the "important state interest underlying California's consumer protection statutes," these courts note the limiting nature of Article III standing, which "does not expand to accommodate the policy objectives underlying state law." *Anderson*, 87 F. Supp. 3d at 1234; *Garrison*, 2014 WL 2451290 at *5 (internal citations omitted). Instead, these courts hold, plaintiffs may seek injunctive relief in California state court, where the courts are not bound by the requirements of Article III. *Anderson*, 87 F. Supp. 3d at 1235.

On the other hand, other courts allow plaintiffs to seek injunctive relief even when aware of the misrepresentation. *See, e.g.*, *Lanovaz v. Twinings North America, Inc.*, No. C-12-02646-RMW, 2014 WL 46822, at *9–*10 (N.D. Cal. Jan. 6, 2014) (collecting cases); *Koehler v. Litehouse, Inc.*, No. CV 12-4055 SI, 2012 WL 7290487, at *6–*7 (N.D. Cal. Dec. 13, 2012); *Larsen v. Trader Joe's Co.*, No. C 11-5188 SI, 2012 WL 5458396 (N.D. Cal. June 14, 2012); *Ries v. Ariz. Bevs. USA LLC*, 287 F.R.D. 523, 533 (N.D. Cal. 2012). These courts reason that to hold otherwise would construe Article III standing so narrowly as to preclude federal courts "from enjoining false advertising under California consumer laws[,]" "eviscerate[ing]" the intent of the California legislature." *Larsen*, 2012 WL 5458396 at *4 (quoting *Henderson v. Gruma Corp.*, No. CV 10-04173 AHM AJWX, 2011 WL 1362188, at *7 (C.D. Cal. Apr. 11, 2011)).

Moreover, some courts have focused on the particular nature of the injury at issue to find standing. They have found at least two injuries sufficient to establish standing where the plaintiff is aware of the misrepresentation: absent an injunction, the plaintiff-consumer will (1) no longer be able to confidently rely on the defendant's representations, *see Ries*, 287 F.R.D. at 533, and, (2) refrain from purchasing products in the future even if they in fact conform to her expectations, *see Lilly v. Jamba Juice Company*, No. 13-cv-02998-JST, 2015 WL 1248027, at *3–*5 (N.D. Cal. March 18, 2015). Even where courts find standing, most require that the plaintiff plead intent to purchase the products in the future to establish a sufficient threat of future injury. *Davidson v. Kimberly-Clark Corp.*, 76 F. Supp. 3d 964, 970 (2014) ("Where a plaintiff has no intention of purchasing the product in the future, a majority of district

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES – GENERAL

| Case No. | **CV 17-01826 BRO (PJWx)** | Date | June 12, 2017 |
|---|---|---|---|
| Title | **STEPHANIE ESCOBAR V. JUST BORN, INC. ET AL.** | | |

courts have held that the plaintiff has no standing to seek prospective injunctive relief."); *Rahman v. Mott's LLP*, No. CV 13-3482 SI, 2014 WL 325241, at *10 (N.D. Cal. Jan. 29, 2014) (rejecting the argument that plaintiff lacked standing because he was aware of the misrepresentation but finding that the "plaintiff must allege that he intends to purchase the products at issue in the future"); *see also Lilly*, 2015 WL 1248027, at *5 (a willingness to consider a future purchase is sufficient).

Based upon the allegations and the parties' arguments, the Court finds that Plaintiff has standing to seek injunctive relief. Plaintiff could be harmed in the future if the packaging is permitted to persist in its allegedly deceptive form. Absent a change to the allegedly deceptive packaging, Plaintiff will not have faith in Defendant's Product packaging, and thus avoid purchasing the Products. Additionally, Plaintiff does not expressly allege that she will no longer purchase the candy products. Rather, Plaintiff alleges she would not have purchased the candy had she known its packaging was deceptive. (*See, e.g.*, Compl. ¶¶ 33, 76, 109, 139.) For that reason, the Court finds that Plaintiff has standing to seek injunctive relief. *See Lilly v. Jamba Juice Co.*, No. 13-CV-02998-JST, 2015 WL 1248027, at *3 (N.D. Cal. Mar. 18, 2015) ("When a consumer discovers that a representation about a product is false, she doesn't know that another, later representation by the same manufacturer is also false. She just doesn't know whether or not it's true. A material representation injures the consumer not only when it is untrue, but also when it is *unclear* whether or not is true.").

### B.   Adequacy of Plaintiff's Pleadings

As one of the bases for her UCL claim,[1] Plaintiff avers that Defendant has violated Cal. Bus. & Prof. Code § 12606.2 and 21 C.F.R. § 100.100. Under these sections,

---

[1] The parties dispute whether Plaintiff has pleaded a claim under Cal. Bus. & Prof. Code § 12606.2. (*Compare* Opp'n *with* Reply.) Plaintiff expressly pleads a violation of the (parallel) Federal statute, 21 C.F.R. § 100.100, and alleges violations of the Sherman Law as predicates for her state law UCL and/or CLRA claims. Beyond her repeated allegations of violations of the Sherman Law, (*see* Compl. ¶¶ 87, 88, 117–19), Plaintiff also expressly alleges a violation of "California slack fill regulations and statutes[,]" (*see* Compl. ¶¶ 74, 88). Thus, while Plaintiff does not bring a separate, free-standing claim for violation of Section 12606.2, Plaintiff amply alleges violations of that Section as predicates of her UCL and/or CLRA claims. *See Krommenhock, et al. v. Post Foods, LLC*, No. 16-CV-04958-WHO, 2017 WL 2378029, at *1 (N.D. Cal. June 1, 2017) (citing Cal. Health & Safety Code § 110100) ("The Sherman Law *expressly incorporates the FDCA (as amended by NLEA)* as California's own law.");

LINK:

| Case No. | CV 17-01826 BRO (PJWx) | Date | June 12, 2017 |
|---|---|---|---|
| Title | STEPHANIE ESCOBAR V. JUST BORN, INC. ET AL. | | |

"[s]lack-fill is the difference between the actual capacity of a container and the volume of product contained therein." Cal. Bus. & Prof. Code § 12606.2(c); 21 C.F.R. § 100.100(a). "Nonfunctional slack-fill is the empty space in a package that is filled to less than its capacity for reasons other than": (1) protection of contents; (2) the requirements of the machines used for enclosing the package; (3) unavoidable product settling; (4) the need for the package to perform a specific function; (5) the fact that the product consists of a food packaged in a reusable container where the container is part of the presentation and has value; or (6) inability to increase level of fill or to further reduce the size of the package. Cal. Bus. & Prof. Code § 12606.2(c)(1)–(6); 21 C.F.R. § 100.100(a)(1)–(6). A package containing nonfunctional slack-fill is misleading if consumers are unable to fully view the contents. Cal. Bus. & Prof. Code § 12606.2(c); 21 C.F.R. § 100.100(a). A food is misbranded if its container is "made, formed, or filled as to be misleading." *Id*. According to Plaintiff, at least 35.7% of the volume of the Products' packaging is empty space that constitutes unlawful nonfunctional slack fill. (*See* Compl. ¶¶ 48, 53.) Plaintiff alleges that Just Born intentionally packages its Products in opaque containers comprised of 35.7% non-functional slack fill to mislead consumers. (*See id*. ¶¶ 34–36.)

---

*Swearingen v. Late July Snacks LLC*, No. 13-CV-04324-EMC, 2017 WL 1806483, at *1 (N.D. Cal. May 5, 2017) ("Pursuant to California Health & Safety Code § 110100, California's Sherman Law adopts and incorporates the FDCA . . . .").

Moreover, because Cal. Bus. & Prof. Code § 12606.2 parallels 21 C.F.R. § 100, the state statute is likely not preempted. *Kosta v. Del Monte Corp.*, No. 12-CV-01722-YGR, 2013 WL 2147413, at *7 (N.D. Cal. May 15, 2013) ("[M]any district courts addressing this issue have found that state law claims are not preempted where the food labeling requirements under state law are identical to their federal FDCA and NLEA counterparts."); *Wilson v. Frito–Lay N. Am., Inc.*, 12–CV–1586 SC, 2013 WL 1320468 (N.D. Cal. Apr.1, 2013) (state law claims relying on statutes that explicitly incorporate federal law and regulations without modification are not preempted); *Brazil v. Dole Food Co., Inc.*, 935 F. Supp. 2d 947, 956 (N.D. Cal. 2013) (finding no preemption in food labeling case based on identical Sherman Law and NLEA provisions); *Lanovaz v. Twinings N. Am., Inc.*, 12–CV–02646 RMW, 2013 WL 675929 (N.D. Cal. Feb.25, 2013) (section 343–1 "has been repeatedly interpreted not to preempt requirements imposed by state law that effectively parallel or mirror the relevant sections of the NLEA").

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL MINUTES – GENERAL**

| Case No. | **CV 17-01826 BRO (PJWx)** | Date | June 12, 2017 |
|---|---|---|---|
| Title | **STEPHANIE ESCOBAR V. JUST BORN, INC. ET AL.** | | |

### 1.    Whether Plaintiff Has Alleged Facts Indicating that a Reasonable Consumer Would Be Deceived by the Products' Packaging

Defendant argues that the Products' packaging would not deceive a reasonable consumer.  (*See* Mot. at 8–13.)  Defendant contends that the Products' packaging "prominently discloses the amount of Product that the consumer will receive[,]" and that, "nothing [in] the complaint remotely suggests that Plaintiff received anything less than 100% of the product that Just Born objectively promised by weight on Product labeling." (Mot. at 8–9.)  According to Just Born, "Plaintiff claims she was ostensibly received [sic] less candy than she *subjectively* expected based solely on the size of the box and the fact that she could not see inside the box."  (Mot. at 8 (emphasis in original).)

"The UCL and the [FAL] prohibit not only advertising which is false, but also advertising which, although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public."  *Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 226 (Cal. Ct. App. 2013) (alteration, citation, and internal quotation marks omitted) (quoting *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 951 (Cal. 2002)); *see also Bruton v. Gerber Prods. Co.*, __ F. App'x __, No. 15-15174, 2017 WL 1396221, at *2 (9th Cir. Apr. 19, 2017) ("[E]ven technically correct labels can be misleading.").  "Thus, to state a claim under either the UCL or the false advertising law, based on false advertising or promotional practices, it is necessary only to show that members of the public are likely to be deceived."  *Chapman*, 220 Cal. App. 4th at 226 (internal quotation marks omitted).  Whether advertising is misleading "is determined by considering a reasonable consumer who is neither the most vigilant and suspicious of advertising claims nor the most unwary and unsophisticated, but instead is 'the ordinary consumer within the target population.'"  *Id.* (quoting *Lavie v. Proctor & Gamble Co.*, 105 Cal. App. 4th 496, 509–10 (Cal. Ct. App. 2013)).

Generally, "courts recognize that whether a practice is 'deceptive, fraudulent, or unfair' is generally a question of fact that is not appropriate for resolution on the pleadings."  *Gustavson v. Wrigley Sales Co.*, 961 F. Supp. 2d 1100, 1131 (N.D. Cal. 2013); *see also Davis v. HBSC Bank Nev., N.A.*, 691 F.3d 1152, 1162 (9th Cir. 2012) ("In applying [the reasonable consumer] test, we are mindful that 'whether a business practice is deceptive will usually be a question of fact not appropriate for decision on a motion to dismiss." (alteration omitted) (quoting *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008))); *Chapman*, 220 Cal. App. 4th at 226–27 ("The question whether

LINK:

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# CIVIL MINUTES – GENERAL

| Case No. | CV 17-01826 BRO (PJWx) | Date | June 12, 2017 |
|---|---|---|---|
| Title | STEPHANIE ESCOBAR V. JUST BORN, INC. ET AL. | | |

consumers are likely to be deceived is a question of fact that can be decided on a [motion to dismiss] only if the facts alleged in the complaint, and facts judicially noticed, compel the conclusion as a matter of law that consumers are not likely to be deceived."). In this case, Plaintiff does not contend that Defendant's advertising is false; rather, Plaintiff avers that Defendant's advertising is misleading because the reasonable consumer would not understand when purchasing the Products that the amount of candy purchased is significantly less than the size of the visible packaging. (Compl. ¶¶ 26, 32, 35.)

Defendant relies on the Ninth Circuit's decision in *Ebner* and a district court's subsequent application of *Ebner*'s holding in *Bush v. Mondelez Int'l, Inc.*, No. 16-cv-02460-RS, 2016 WL 7324990, at *2 (N.D. Cal. Dec. 16, 2016). (*See* Mot. at 9–12.) In *Ebner*, the Ninth Circuit addressed claims that a lip product's (i.e., a lip balm or lipstick) advertising and packaging were false or misleading. *See Ebner*, 838 F.3d at 962. The plaintiff alleged that the lip balm's packaging was misleading because: (1) the total weight as displayed on the product included a portion of the lip product that was not easily accessible because it did not advance past the top of the product's tube; and, (2) the product's oversized tubes and boxes gave her the impression "that each unit ha[d] a larger quantity of lip product than it actually contain[ed]." *Id.* The district court dismissed the plaintiff's claims and the Ninth Circuit affirmed.

The Ninth Circuit explained that it was "undisputed that the [product's] label disclose[d] the correct weight of included lip product," and that "[d]ispenser tubes that use a screw mechanism to push up a solid bullet of lip product are commonplace in the market." *Id.* at 965 (footnote omitted). The court held that the product's packaging was not misleading because nothing on the product's packaging indicated that the portion of the lip product that did not advance past the end of the tube would be accessible. *Id.* at 966. "In the absence of any statement or other depiction anywhere on the package about lip product accessibility, we conclude that it is not plausible that 'a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled' into thinking the entire lip bullet will clear the tube's opening." *Id.* (quoting *Lavie*, 105 Cal. App. 4th at 508).

In addition, the *Ebner* court determined that, just as a reasonable consumer would understand that a portion of the lip product may not clear the end of the tube, a reasonable consumer would also understand that a portion of the weight of the product as displayed on its packaging may include "some additional weight at the bottom of the tube—not

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | CV 17-01826 BRO (PJWx) | Date | June 12, 2017 |
|---|---|---|---|
| Title | STEPHANIE ESCOBAR V. JUST BORN, INC. ET AL. | | |

consisting of product"—to keep the tube upright. *Id.* at 967. "Because of the widespread nature of this practice, no reasonable consumer expects the weight or overall size of the packaging to reflect directly the quantity of the product contained therein."[2] *Id.*; *see also Bush*, 2016 WL 7324990, at *2 (holding that the plaintiff had not stated a viable claim where he alleged "that reasonable consumers are likely to be deceived by Go-Pak product packaging . . . because Go-Pak product labels disclose the net weight and number of cookies per container and consumers expect there to be some slack-fill in opaque snack containers").

On the other hand, in *Williams*, the Ninth Circuit held that there were "a number of features of the packaging Gerber used for its Fruit Juice Snacks product which could likely deceive a reasonable consumer." 552 F.3d at 939. For instance, the product was called "fruit juice snacks" and the packaging pictured various fruits, suggesting that the snacks contained fruit or fruit juices. *Id.* In addition, the packaging indicated that the snacks were made with "fruit juice and other all natural ingredients" that the court explained "could easily be determined by consumers as a claim that all the ingredients in the product were natural, which appear[ed] to be false." *Id.* The Ninth Circuit rejected the defendant's argument "that reasonable consumers should be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box." *Id.* "Instead, reasonable consumers expect that the ingredient list contains more detailed information about the product that confirms other representations on the packaging." *Id.* at 939–40; *see also Ebner*, 838 F.3d at 966 ("Stated straightforwardly, *Williams* stands for the proposition that *if* the defendant commits an act of deception, the presence of fine print revealing the truth is insufficient to dispel that deception." (emphasis in original)).

Defendant argues that:

Plaintiff cannot plausibly allege that reasonable consumers would ignore the accurate net weight statement on the package as well as their common and previous experience with packaged candy and snacks, to arrive at the a [sic]

---

[2] The Ninth Circuit also affirmed the district court's dismissal of plaintiff's section 12606 nonfunctional slack fill claim. *See Ebner*, 838 F.3d at 967–68. The court held that there was no slack fill in the lip product tube, because slack fill refers only to empty space and plaintiff had not alleged that the lip product's tube contained any empty space. *Id.*

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL MINUTES – GENERAL**

| Case No. | **CV 17-01826 BRO (PJWx)** | Date | June 12, 2017 |
|----------|----------------------------|------|---------------|
| Title | **STEPHANIE ESCOBAR V. JUST BORN, INC. ET AL.** | | |

reasonable conclusion that a Hot Tamales® or Mike & Ike® box simply
must be filled to the brim with candies.

(Mot. at 12.)

In the Court's view, a reasonable consumer is not necessarily aware of a product's
weight or volume and how that weight or volume correlates to the product's size.  In
other words, the fact that the Products' packaging accurately indicated that a consumer
would receive 141 grams or 5 ounces of candy does not, on its own, indicate to a
reasonable consumer that the Products' box may not be full of candy and that, instead,
35.7% of the box is empty.  Rather, a reasonable consumer may believe that 141 grams or
five ounces of candy is equivalent to an amount approximately the size of the Products'
box.

Defendant explains that it does not seek a broad reading of *Ebner*, but rather only
"the reading that Bush applied, based on common sense that 'no reasonable consumer
expects the weight or overall size of the packaging to reflect directly the quantity of
product contained therein.'"  (Reply at 7.)  This case is distinguishable from *Bush*, where
the product's packaging indicated the *number* of cookies the package contained, giving
the consumer a reasonable expectation of the product's contents beyond just the weight.
*See Bush*, 2016 WL 7324990, at *2.  Here, the allegedly deceptive packaging includes the
Products net weight, and a serving size approximation in ounces and cups.  (*See* Compl.
¶ 31, 32; Dkt. No. 14-3 at 2.)[3]  The serving size, indicating that the package includes

---

[3] The Court is mindful that Defendant has offered additional Product packaging photographs that
assertedly state the serving size by number of pieces.  (*See* Reply at 1–2.)  Defendant improperly offers
this argument for the first time in Reply, thus not giving Plaintiff a reasonable opportunity to respond.
The Court may disregard this argument for that reason alone.  *See United States v. Romm*, 455 F.3d 990,
997 (9th Cir. 2006) (citing *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999)) ("[A]rguments not
raised by a party in its opening brief are deemed waived.").  Moreover, the Court disagrees with
Defendant's assertion that this alternative packaging is incorporated by reference in to the Complaint.
Consumer products may be sold in varying packaging.  Some packaging may be deceptive, while other
packing (for the same product) may not be.  Here, Plaintiff is challenging as deceptive packaging that
does not include a serving-size estimation by number of pieces of candy; instead Plaintiff alleges that
"[t]he nutritional panel on the back of the Products reports a serving size of 1.5 ounces and total of 3.5
servings per container."  (Compl. ¶ 31; *see also* ¶ 32.)  To the extent Defendant's alternate product
packaging may be judicially noticeable, it is irrelevant where Plaintiff challenges other packaging.

---

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL MINUTES – GENERAL**

| Case No. | **CV 17-01826 BRO (PJWx)** | Date | June 12, 2017 |
|---|---|---|---|
| Title | **STEPHANIE ESCOBAR V. JUST BORN, INC. ET AL.** | | |

roughly 3.5 servings, gives no additional indication of the amount of Product contained in the package; rather it merely indicates that the total amount (whatever it is) is intended to constitute 3.5 servings.[4]

Further, in *Ebner*, the court found that the reasonable consumer understands that any lip product contains a mechanical stop device and, therefore, the weight contained on the package that included the weight of the device was not misleading.  But here, the Court cannot find as a matter of law that a reasonable consumer of Mike & Ike® or Hot Tamales® understands that the weight displayed on the Products' packaging will measure a significantly smaller amount of Products held within a larger outer packaging. Furthermore, the fact that a consumer may be able to hear "the familiar rustling sound created by the empty space and feel the candy pieces moving from side to side within the box" does not mean that the packaging did not deceive the consumer into purchasing the item.  Common sense dictates not only that candy may make audible noise upon shaking the Products' box, but also that consumers do not necessarily have a reasonable opportunity prior to purchase to shake or otherwise manipulate a box of candy on the shelf or behind glass to ascertain whether the box is filled to the brim with Product. Thus, consumers may reasonably rely on the size of the packaging and believe that it accurately reflects the amount she is purchasing.[5]

Moreover, this case is distinct from *Hawkins*, where consumers had the opportunity to manipulate the contents of the product at issue because the gas tank *was*

---

[4] The Court reiterates that whether advertising is misleading "is determined by considering a *reasonable consumer who is neither the most vigilant and suspicious of advertising claims nor the most unwary and unsophisticated*, but instead is 'the ordinary consumer within the target population.'"  *Chapman*, 220 Cal. App. 4th at 226 (emphasis added).  In the Court's view, the reasonable consumer is unlikely to (1) make volume conversions from cylindrical cups to rectangular prisms; and (2) know the density of candy products, such that the printed weight of candy may be converted to approximate the volume of candy product packaged in a rectangular prism.  For that reason, the Court finds Defendant's arguments premised upon the 1/4-cup serving size and five-ounce net weight labeling unpersuasive.

[5] Moreover, what is relevant at this stage is not what a reasonable consumer *actually* believes, but whether Plaintiff has plausibly pleaded facts indicating what a reasonable consumer *could* believe.  *See Williams*, 552 F.3d at 940 (reversing the district court's dismissal of the plaintiff's complaint and finding that, "given the opportunity, [the plaintiffs] have stated a claim and could plausibly prove that a reasonable consumer would be deceived by the Snacks packaging").

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL MINUTES – GENERAL**

| Case No. | **CV 17-01826 BRO (PJWx)** | Date | June 12, 2017 |
|---|---|---|---|
| Title | **STEPHANIE ESCOBAR V. JUST BORN, INC. ET AL.** | | |

*already in the consumers' physical possession at the time of resale.  See Hawkins v. UGI Corp.*, No. CV-14-08461-DDP-JCX, 2016 WL 2595990, at *3 (C.D. Cal. May 4, 2016) ("Those consumers who desire a more accurate determination can simply weigh a cylinder on a standard bathroom or other scale and subtract the tare weight of the cylinder.").  According to Plaintiff, the candy Products are kept in a glass enclosure, and may be handed to the consumer only once the consumer has paid for their order.  (Compl. ¶ 25.)  Plaintiff's allegations, which the Court takes as true for purposes of this Motion, also indicate that (1) at the time of purchase, Plaintiff assertedly was unable to "inspect the Products' packaging for representations of quantity of candy product contained therein other than the size of the box itself[,]" (*Id.* ¶ 24) and (2) "[p]rior to the point of sale, the Products' packaging does not allow for a visual or audial confirmation of the contents of the Products."  (*See* Compl. ¶ 29.)

Thus, even if a product's packaging accurately displays its weight, it does not mean that the way in which the product was packaged may not be misleading.  Indeed, the Ninth Circuit and California courts have recognized when addressing CLRA, UCL, and FAL claims that "even technically correct labels can be misleading."  *Bruton*, 2017 WL 1396221, at *2; *see also In re Ferrero Litig.*, 794 F. Supp. 2d 1107, 1115 (S.D. Cal. 2011) ("A statement may be deceptive and actionable under the UCL, FAL, and CLRA even though it is truthful."); *see also Morgan v. AT & T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235, 1255 (Cal. Ct. App. 2009) (explaining that "[a] perfectly true statement couched in such a manner that is likely to mislead or deceive the consumer, such as by failure to disclose other relevant information" may give rise to a UCL claim (internal quotation marks omitted)); *Leoni v. State Bar*, 39 Cal. 3d 609, 626 (Cal. 1985) (noting that California's consumer laws "have been interpreted broadly to embrace not only advertising which is false, but also advertising which although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public").  Accordingly, the Court finds that Plaintiff has plausibly alleged that the Products' packaging may have misled a reasonable consumer and caused her to believe that 141 grams or five ounces of candy constituted a larger amount of candy than was provided in the box.

In addition, the Court is mindful of the admonition that whether product labeling or packaging may mislead a reasonable consumer is a factual inquiry rarely appropriate for decision on a motion to dismiss.  *See Williams*, 552 F.3d at 939 ("California courts, however, have recognized that whether a business practice is deceptive will usually be a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | **CV 17-01826 BRO (PJWx)** | Date | June 12, 2017 |
|---|---|---|---|
| Title | **STEPHANIE ESCOBAR V. JUST BORN, INC. ET AL.** | | |

question of fact not appropriate for decision on [a motion to dismiss].”); *see also Miller v. Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861, 873 (N.D. Cal. 2012) (“Generally the question whether a business practice is deceptive is an issue of fact not appropriate for decision on a motion to dismiss.”); *Linear Tech. Corp. v. Applied Materials, Inc.*, 152 Cal. App. 4th 115, 134–35 (Cal. Ct. App. 2007) (“Whether a practice is deceptive, fraudulent, or unfair is generally a question of fact which requires consideration and weighing of evidence from both sides and which usually cannot be made on demurrer.” (internal quotation marks omitted)); *Izquierdo v. Mondelez Int’l, Inc.*, No. 16-CV-04697 (CM), 2016 WL 6459832, at *7 (S.D.N.Y. Oct. 26, 2016) (“Whether a reasonable consumer would think to shake, squeeze, or manipulate the Candy box, and whether that reasonable consumer would actually be able to feel the existence of slack-fill, are questions of fact that are inappropriate for resolution at the motion to dismiss stage.”). Plaintiff has presented enough facts in this case to suggest that the Products’ packaging *may* mislead a reasonable consumer.  As explained above, “[t]he facts of this case . . . do not amount to the rare situation in which granting a motion to dismiss is appropriate.” *Williams*, 552 F.3d at 939.

## 2.    Whether Plaintiff Can Plausibly Allege Deception Based on a Violation of the FDA’s Slack-Fill Regulations

Defendant claims that “the alleged violation of an FDCA regulation ‘does not amount to a false statement or misrepresentation and, thus, is not an actionable claim’ unless and until plaintiff is able to independently connect the dots between the alleged violation and actual consumer deception.”  (Mot. at 14 (citing *Delacruz v. Cytosport, Inc.*, No. C 11-3532 CW, 2012 WL 2563857, at *8 (N.D. Cal. June 28, 2012)).) According to Defendant, “Plaintiff does not allege that she was even aware of FDA’s slack-fill regulation, that she was relying on compliance with it in her purchasing decision to conclude that the box was filled to the top, or how she was misled by nonfunctional versus functional slack-fill in the product she purchased.”  (Mot. at 14.)

Firstly, Defendant offers no precedent to support its contention that Plaintiff must allege knowledge/awareness of the FDA slack-fill regulation at the time of sale in order to plead her state law deception claims premised upon that sale.  Second, courts in this Circuit have routinely recognized slack-fill claims premised upon the FDA slack-fill regulations, as adopted by California.  *See, e.g., Samet v. Procter & Gamble Co.*, No. 5:12-CV-01891 PSG, 2013 WL 3124647, at *6 (N.D. Cal. June 18, 2013) (“Plaintiffs’

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL MINUTES – GENERAL**

| Case No. | **CV 17-01826 BRO (PJWx)** | Date | June 12, 2017 |
|---|---|---|---|
| Title | **STEPHANIE ESCOBAR V. JUST BORN, INC. ET AL.** | | |

claims here do not rest on violations of the FDCA, but on the UCL, CAL, FL RA, and Sherman Law . . . . Although Defendants argue Plaintiffs should not be allowed to "circumvent" the FDCA's bar on private enforcement, this argument falls flat [because] Congress and the FDA intended that the states would be free to adopt a statutory scheme paralleling the FDCA and offer a private suit of enforcement . . . ."); *Ivie v. Kraft Foods Glob., Inc.*, No. C-12-02554-RMW, 2013 WL 685372, at *11 (N.D. Cal. Feb. 25, 2013) (holding that the slack-fill claims were not preempted because plaintiff quoted the FDA regulation and alleged that defendants lacked any legal justification for employing unlawful slack fill packaging).

Second, in *Delacruz*, the court found that a statement that nutrition bars contained "0g Trans Fat," which the Plaintiff admitted did not misrepresent the amount of trans fats in the nutrition bars at issue, did not amount to a false statement or misrepresentation. *See Delacruz*, 2012 WL 2563857, at *8. Unlike in *Delacruz*, Plaintiff does not admit that the box at issue lacks a false statement or misrepresentation. To the contrary, Plaintiff maintains that the size of the Products' box itself misrepresents the amount of Product contained within the box. Plaintiff alleges that the Products' boxes mislead consumers as to the amount of candy contained therein.

Lastly, Defendant's argument that "Plaintiff does not allege that she was even aware of FDA's slack-fill regulation, that she was relying on compliance with it in her purchasing decision to conclude that the box was filled to the top, or how she was misled by nonfunctional versus functional slack-fill in the product she purchased[,]" (Mot. at 14), is simply inaccurate. (*See, e.g.*, Compl. ¶ 67 ("Plaintiff did not expect that the Products would contain nonfunctional slack-fill, *especially given that nonfunctional slack-fill, as opposed to functional slack-fill, is prohibited by California law and federal law.*" (emphasis added)); 88 ("Defendant fraudulently deceived Plaintiff and the Class by representing that the Products' packaging which includes 35.7% nonfunctional slack-fill actually conforms with federal and California slack-fill regulations and statutes including the Sherman Law and 21 C.F.R. ¶ 100.100.").) Thus, Defendant's argument that Plaintiff cannot plausibly allege deception premised upon a violation of FDA (or California) slack-fill regulations is unavailing.

      **3.**    **Whether Plaintiff Has Adequately Pleaded Facts Indicating that the Products Contain Nonfunctional or Deceptive Slack-Fill**

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | CV 17-01826 BRO (PJWx) | Date | June 12, 2017 |
|---|---|---|---|
| Title | STEPHANIE ESCOBAR V. JUST BORN, INC. ET AL. | | |

Next, Defendant argues that "Plaintiff's Complaint fails because she fails to allege sufficient facts as to why the alleged slack-fill is nonfunctional or deceptive under 21 C.F.R. § 100.100(a)." (Mot. at 15.)  Defendant reiterates that "[t]he Complaint is *utterly devoid of facts as to why the alleged slack-fill is nonfunctional or deceptive*." (Mot. at 16 (emphasis added).)  Defendant specifies that "[t]hough Plaintiff boldly alleges that the Products' box serve [sic] no function other than to merely hold the candy [] other allegations in the Complaint show disprove [sic] this allegation." (Mot. at 16.)  Moreover, Defendant asserts that "[t]he boxes here are filled by machines; the empty space in boxes facilitates box [sic].  Nothing in the Complaint remotely suggests otherwise." (Mot. at 16.)

The Court disagrees.  According to Plaintiff, "Defendant uniformly under-fills the Products' boxes, rendering a whopping 46% of each box slack-fill, *nearly all of which serves no functional or lawful purpose*." (Compl. ¶¶ 34; 36.)  Plaintiff proceeds to elaborate, with particularity, upon her allegation that the slack-fill serves no functional or lawful purpose.  First, Plaintiff claims that the slack fill does not protect the contents of the package; rather the additional slack-fill allegedly makes the contents *more* susceptible to breakage and damage because the candies have more room to bounce around and break during shipping. (*See* Compl. ¶¶ 38–40.)  Second, Plaintiff describes the Products' packaging and sealing equipment/mechanism.  According to Plaintiff, the "equipment used to seal the carton does not breach the inside of the Products' containers during the packaging process" and "[n]either the heated glue application nor the sealing equipment require slack-fill during the manufacturing process." (Compl. ¶¶ 41–43.)  Third, Plaintiff claims that "the Products' density, shape, and composition" causes the Product to settle "immediately at the point of filling the box" rather than "during subsequent shipping and handling." (Compl. ¶¶ 44–45.)  Fourth, the (possibly functional) perforated tab at the top of the Products' box amounts to only 8.3% of the box's height, while the remaining slack-fill does not have any function. (Compl. ¶¶ 47–48.)  Fifth, Plaintiff alleges that the Products' box is not "part of a reusable container with any significant value to the Products independent of its function to hold the candy product[,]" such as a commemorative item. (Compl. ¶¶ 49–50.)  And lastly, Plaintiff claims that "Defendant can easily increase the quantity of candy product . . . or . . . decrease the size of the containers, by 35.7%." (Compl. ¶ 52.)  Defendant claims that these allegations are conclusory and bare. (*See* Mot. at 15.)  While the Court disagrees, the Court notes that in addition to the above allegations, Plaintiff also juxtaposes Defendant's Products against

LINK:

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES – GENERAL

| Case No. | **CV 17-01826 BRO (PJWx)** | Date | June 12, 2017 |
|---|---|---|---|
| Title | **STEPHANIE ESCOBAR V. JUST BORN, INC. ET AL.** | | |

Boston Baked Beans packaging provide a *factual* counterexample to Defendant's claim that any one of the above functionality factors applies. (*See* Compl. ¶¶ 54–66.)  Based upon the foregoing allegations, the Court finds that Plaintiff has adequately alleged that the Products' slack-fill, comprising 35.7% of the Products' box, is nonfunctional.

### 4.    Whether Plaintiff Pleaded Her Claims with Particularity

According to Defendant, Plaintiff failed to plead with particularity the following: how or why the alleged slack-fill is nonfunctional or deceptive, how or why a reasonable consumer would be deceived, that Defendant knew or was aware of the falsity.  As discussed above, Plaintiff alleges with particularity that the slack-fill is nonfunctional.  *See* discussion *supra* Section V.B.3.  The Ninth Circuit's analysis of class action false advertising pleadings in *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009), is instructive with respect to whether Plaintiff's pleadings satisfy the Rule 9(b) pleading requirements.  The *Kearns* court reasoned as follows:

> However, Kearns fails to allege in any of his complaints the particular circumstances surrounding such representations.  Nowhere in the TAC does Kearns specify what the television advertisements or other sales material specifically stated.  Nor did Kearns specify when he was exposed to them or which ones he found material.  Kearns also failed to specify which sales material he relied upon in making his decision to buy a CPO vehicle. Kearns does allege that he was specifically told 'CPO vehicles were the best used vehicles available as they were individually hand-picked and rigorously inspected used vehicles with a Ford-backed extended warranty.'  Kearns does not, however, specify who made this statement or when this statement was made.  Kearns failed to articulate the who, what, when, where, and how of the misconduct alleged.  The pleading of these neutral facts fails to give Ford the opportunity to respond to the alleged misconduct.

*Kearns*, 567 F.3d at 1126.  Unlike in *Kearns*, Plaintiff alleges (1) the exact nature of the misrepresentation (the box's size relative to the amount of Products therein) and related labeling (serving size and net weight), (2) she and putative class members did not have a reasonable opportunity to view other representations of quantity contained on the box, (3) even assuming they had the opportunity, the packaging is deceitful because consumers would not reasonably have understood or expected the weight and serving size

LINK:

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES – GENERAL

| Case No. | **CV 17-01826 BRO (PJWx)** | Date | June 12, 2017 |
|---|---|---|---|
| Title | **STEPHANIE ESCOBAR V. JUST BORN, INC. ET AL.** | | |

labeling to translate to the quantify of candy in the box, (4) Defendant intended its packaging to induce Plaintiff and others to purchase the Products, and, (5) she relied upon the Products' box's size when making her purchasing decision and would not have purchased Defendant's Products had she not been deceived by the Products' packaging. (*See* Compl. ¶¶ 16, 18, 24–26, 33, 87, 90.)  Plaintiff also includes multiple photographs of the Products and alleged misrepresentations.  (*See* Compl. ¶¶ 1, 31, 34, 41, 46.)

Although Plaintiff does not specify the particular address or date on which she purchased the Products, district courts in this Circuit have held that allegations that a misleading statement was made throughout the class period satisfy the Rule 9(b) particularity standard.  *See In re ConAgra Foods Inc.*, 908 F. Supp. 2d 1090, 1099–100 (C.D. Cal. 2012) ("*Kearns* suggests that the relevant 'when' is either when the allegedly misleading statement was made or when it was viewed or heard by the plaintiff, not when it resulted in a purchase.  [citation omitted.]  The complaint asserts that the '100% Natural' representation appeared on product labeling and in marketing of the products throughout the class period."); *Von Koenig v. Snapple Beverage Corp.*, 713 F. Supp. 2d 1066, 1077 (E.D. Cal. 2010) (holding that Rule 9(b) was satisfied where plaintiff alleged that "between March 4, 2005 and March 4, 2009," defendant's product label contained alleged misrepresentations); *Pom Wonderful LLC v. Ocean Spray Cranberries, Inc.*, 642 F. Supp. 2d 1112, 1112 (C.D. Cal. 2009) (holding that Rule 9(b) was satisfied because plaintiff alleged that a product label contained the same misrepresentation throughout the class period); *see also Astiana v. Ben & Jerry's Homemade, Inc.*, No. C 10-4387 PJH, 2011 WL 2111796, at *6 (N.D. Cal. May 26, 2011) ("The 'when' is alleged as 'since at least 2006,' and 'throughout the class period'").  Based upon the foregoing, the Court holds that these allegations suffice to plead with particularity the who, what, when, where, and how of the alleged fraudulent misrepresentations that form the basis of Plaintiff's UCL, FAL, and CLRA claims.  *Compare Von Koenig*, 713 F. Supp. 2d at 1077 *with Brazil*, 935 F. Supp. 2d at 964–65.[6]

---

[6] In *Von Koenig*, a district court within the Circuit found that allegations substantially analogous to those in the instant action sufficed to satisfy Rule 9(b)'s pleading requirements:

> Plaintiffs allege that between March 4, 2005 and March 4, 2009, defendant used terms such as 'All Natural' and other similar terms in labeling its drink products.  [citation omitted.]  Plaintiffs have submitted examples of the labels from a bottle of Acai Blackberry juice drink, from a bottle of Peach iced tea and from a bottle of Raspberry

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL MINUTES – GENERAL**

| Case No. | **CV 17-01826 BRO (PJWx)** | Date | June 12, 2017 |
|---|---|---|---|
| Title | **STEPHANIE ESCOBAR V. JUST BORN, INC. ET AL.** | | |

## VI.   CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has sufficiently alleged facts to support her California law claims that Defendant's packaging may have misled a reasonable consumer of Mike & Ike® and Hot Tamales®.  Accordingly, Defendant's Motion is **DENIED**.

**IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | rf |

---

iced tea, all of which contain the term 'All Natural.'  Plaintiffs allege that this labeling deceived consumers because the drink products contained HFCS, which they assert is not a natural product. [citation omitted.] Plaintiffs further allege that if they had not been deceived by the labels on the products, they would not have purchased defendant's product, but would have purchased alternative drink products. [citation omitted.] These allegation [sic] are sufficient to establish the 'time, place, and specific content' requirements of Rule 9(b).

*Von Koenig*, 713 F. Supp. 2d at 1077 (citing *Pom Wonderful*, 642 F. Supp. 2d at 1124).