# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| Stephanie Escobar,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Just Born, Inc.,<br><br>　　　　　Defendant. | CV 17-01826 TJH(PJW)<br><br><br>Order<br>[53] |

The Court has considered Plaintiff Stephanie Escobar's Motion for Class Certification, together with the moving and opposing papers.

In 2016, Escobar purchased one 5-oz. box of Mike & Ike candy during a visit to a Cinemark Cinemas movie theater in Los Angeles. The candy was in a glass showcase behind the concession counter. Escobar paid approximately $4.00 for the candy. After she got to her seat in the theater, Escobar discovered that the box was roughly half full.

On February 6, 2017, Escobar filed this putative class action in Los Angeles County Superior Court against Just Born, Inc. ["Just Born"], the manufacturer of the Mike & Ike's and Hot Tamales candy products, on behalf of herself and all individuals who purchased 5-oz. boxes of Mike and Ikes and Hot Tamales in California for personal consumption between February 3, 2013, and the present. On March 7, 2017,

Just Born removed.

Escobar alleged that 46% of the Mike & Ike box was empty, and that there was no functional or lawful purpose for the empty space. The empty space is usually referred to as "non-functional slack fill." Escobar alleged that the 46% non-functional slack-fill violated: (1) the California Consumers Legal Remedies Act, Civil Code § 1750, *et. seq.* ["CRLA"]*;* (2) the California False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et. seq.* ["FAL"]*;* and (3) the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et. seq.* ["UCL"].

Escobar, now, moves for certification of the class and the appointment of class counsel. And, Just Born moves to exclude the opinions of Escobar's proposed experts.

**Motions to Exclude**

Just Born's motion to exclude the expert opinions challenges the relevance, and, therefore, the admissibility of the expert opinions. However, the Court is not required to exclude, at this juncture, the expert opinions based on evidentiary objections. *Sali v. Corona Reginal Medical Center,* 889 F.3d 623, 634 (9th Cir. 2018). Rather, the objections more appropriately go to weight, and not the admissibility, of the opinions. *Sali*. Thus, the expert opinions will not be excluded.

**Class Action Certification**

Escobar seeks to certify a class of all individuals that purchased Mike and Ikes or Hot Tamales in California between February 6, 2013, to present, alleging that the non-functional slack-fill in the two products misrepresented the amount of actual candies in the boxes and, thereby, misled consumers in violation of CLRA, FAL, and UCL.

To certify a class, Escobar bears the burden of establishing that the putative class satisfies all four threshold prerequisites of Fed. R. Civ. P. 23(a): (1) Numerosity of proposed class members; (2) Commonality of issues of fact and law; (3) Typicality of the named representative's claims; and (4) Adequacy of the named representative and

class counsel to fairly and adequately pursue the action. *See Sueoka v. United States*, 101 F. App'x. 649, 652 (9th Cir. 2004).

Escobar, also, bears the burden of establishing at least one of the requirements of Fed. R. Civ. P. 23(b). Here, Escobar attempts to certify the class under either Fed. R. Civ. P. 23(b)(2) – that Just Born acted in a manner applicable to the class generally, thereby making injunctive or declaratory relief appropriate with respect to the class as a whole – or Fed. R. Civ. P. (b)(3) – that common questions of law or fact predominate over individualized issues, making class adjudication the superior method of adjudicating the controversy.

Notably, whether the class could actually prevail on the merits of its claims is not a proper inquiry in determining whether the class should be certified. *See Stockwell v. City and Cty. Of S.F.*, 749 F.3d 1107, 1111-1112 (9th Cir. 2014).

In *Bradach v. Pharmavite, LLC*, 735 F. App'x. 251 (9th Cir. 2018), the Ninth Circuit held that the numerosity, commonality, predominance, and superiority elements of Rule 23 are satisfied in certain consumer protection class actions, including those asserting CLRA and UCL claims, because the issue is "whether members of the public are likely to be deceived." 735 F. App'x. at 254. The Ninth Circuit noted that CLRA and UCL claims are "ideal for class certification because they will not require the court to investigate class members' individual interaction with the product." *Bradach*, 735 F. App'x. at 254-255. Based on *Bradach*, Escobar has established the numerosity and commonality prerequisites of Fed. R. Civ. P. 23(a), and that class issue predominate over individual issues under Fed. R. Civ. P. 23(b)(3).

Further, typicality is established, here, because Escobar purchased at least one box of either Mike and Ikes or Hot Tamales; her claims are reasonably coextensive with those of the absent class members. *See Hanlon* v. Chrysler Corp., 150 F. 3d 1011, 1020 (9th Cir. 1998).

Finally, the adequacy prerequisite is satisfied because, *inter alia*, Escobar's claim is typical. There were no arguments that the proposed class counsel is inadequate.

Accordingly,

𝔍𝔱 𝔦𝔰 𝔒𝔯𝔡𝔢𝔯𝔢𝔡 that the motion for class certification be, and hereby is, 𝔊𝔯𝔞𝔫𝔱𝔢𝔡.

Date: March 25, 2019

_____
Terry J. Hatter, Jr.
Senior United States District Judge