**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ERIC Y. KIZIRIAN, SB# 210584
E-Mail: Eric.Kizirian@lewisbrisbois.com
LEO A. BAUTISTA, SB# 149889
E-Mail: Leo.Bautista@lewisbrisbois.com
JOSEPHINE BROSAS, SB# 239342
E-Mail: Josephine.Brosas@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant Just Born, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

STEPHANIE ESCOBAR, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

JUST BORN, INC., and DOES 1 through 10, inclusive,

Defendants.

CASE NO. 2:17-cv-01826-TJH-PJW

**DEFENDANT JUST BORN, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER ON MOTION FOR CLASS CERTIFICATION [DKT. 97] (L.R. 7-18)**

Date: May 6, 2019
Time: UNDER SUBMISSION
Place: 9B

# TABLE OF CONTENTS

Page

I. Introduction ..... 1

II. This Court Can Reconsider Its Inherently Tentative Order Granting Plaintiff's Motion for Class Certification. ..... 3

III. The Court's Order Does Not "Rigorously Analyze" Material Evidence Submitted by *Both* Plaintiff and Just Born That Should Have Been Dispositive on Key Predominance Issues of Materiality and Reliance As Well As Typicality. ..... 4

A. There Is a "Manifest Showing of a Failure to Consider Material Facts Presented to the Court" in Connection with the UCL, CLRA, and FAL's Requirement of Materiality to Establish Classwide Reliance on a Misrepresentation or Omission. ..... 5

B. The Court Also Failed to Consider Material Facts Presented to the Court That Demonstrate Plaintiff Is Atypical of the Class. ..... 9

C. The Western District of Missouri's Order Denying Certification in *White v. Just Born, Inc.*, Based on the Same Evidence, Further Supports Just Born's Reconsideration Request Under L.R. 7-18(c). ..... 10

IV. Conclusion ..... 13

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

4826-6148-5715.1 i 2:17-cv-01826-TJH-PJW

JUST BORN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER ON MOTION FOR CLASS CERTIFICATION

# TABLE OF AUTHORITIES

## Cases

*Albaugh v. California Field Ironworkers Pension Trust*, 2016 U.S. Dist. LEXIS 145471 (D.Nev. Oct. 18, 2016)....3

*Allstate Insurance Co. v. Herron*, 634 F.3d 1101 (9th Cir. 2011)....4

*Arthur Young & Co. v. United States District Court*, 549 F.2d 686 (9th Cir. 1977)....3

*Chow v. Neutrogena Corp.*, 2013 U.S. Dist. LEXIS 17670 (C.D. Cal. Jan. 22, 2013) ....11

*Coopers & Lybrand v. Livesay*, 437 U.S. 463 (1978) ....3

*Ebner v. Fresh, Inc.*, 838 F.3d 958 (9th Cir. 2016)....2

*Gessele v. Jack in the Box, Inc.*, 2013 U.S. Dist. LEXIS 51941 (D.Or. Jan. 28, 2013)....5

*Jackson v. Baca*, 2019 U.S. Dist. LEXIS 49519 (C.D. Cal. Mar. 25, 2019) ....4

*Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877 (9th Cir. 2000)....4

*Milton H. Green Archives, Inc. v. CMG Worldwide, Inc.*, 568 F. Supp. 2d 1152 (C.D. Cal. 2008)....4

*NCUA Board v. Goldman Sachs & Co.*, 2013 U.S. Dist. LEXIS 181149 (C.D. Cal. July 11, 2013)....3, 7

*NEI Contr. & Engineering, Inc. v. Hanson Aggregates, Inc.*, 2015 U.S. Dist. LEXIS 109056 (S.D. Cal. Aug. 18 2015) ....4

*Pierce-Nunes v. Toshiba Am. Info. Sys.*, 2016 U.S. Dist. LEXIS 149847 (C.D. Cal. July 23, 2016)....6

*Sali v. Corona Regional Med. Ctr.*, 909 F. 3d 996 (9th Cir. 2018)....5

*Sch. District Number 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255 (9th Cir. 1993)....4

*Slaven v. BP Am., Inc.*, 190 F.R.D. 649 (C.D. Cal. 2000) ....5

*Spacone v. Sanford, L.P.*, 2018 U.S. Dist. LEXIS 153916 (C.D. Cal. Aug. 9, 2018)....passim

*Townsend v. Monster Bev. Corp.*, 303 F. Supp. 3d 1010 (C.D. Cal. Mar. 20, 2018) .......... 11

*Turcios v. Carma Labs., Inc.*, 296 F.R.D. 638 (C.D. Cal. 2014) .......... 9

*Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227 (9th Cir. 1996) .......... 5

*Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011) .......... 5

*White v. Just Born, Inc.*, 2018 U.S. Dist. LEXIS 132466 (W.D. Mo. Aug. 7. 2018) .......... 1, 10, 11, 12

Rules and Regulations

Fed. R. Civ. P. 23(a) .......... 6

Fed. R. Civ. P. 23(b)(3) .......... 6

Fed. R. Civ. P. 23(c)(1)(C) .......... 3

Fed. R. Civ. P. 54(b) .......... 3

Fed. R. Civ. P. 59(e) .......... 4

Local Rule 7-18 .......... passim

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

4826-6148-5715.1

iii

2:17-cv-01826-TJH-PJW

JUST BORN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER ON MOTION FOR CLASS CERTIFICATION

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant Just Born, Inc. ("Just Born") respectfully requests that the Court reconsider its Order Granting Plaintiff's Motion for Class Certification [Dkt. 97] ("Order"). Reconsideration is requested pursuant to C.D. Cal. Local Rule 7-18(c), which requires "a manifest showing of a failure to consider material facts presented to the Court before such decision."

The dispositive facts at issue here, which Just Born submit were not considered in the Order, are the same or substantially the same facts and evidence that caused the courts in *Spacone v. Sanford, L.P.*, 2018 U.S. Dist. LEXIS 153916 (C.D. Cal. Aug. 9, 2018) (Hon. Andre Birotte, Jr.) and *White v. Just Born*, 2018 U.S. Dist. Lexis 132466 (W.D.Mo. Aug. 7, 2018) (Hon. Nanette K. Laughrey) to *deny* certification in slack fill cases. An analysis of the facts the Order does not analyze here undoubtedly would require that the Order be reconsidered and the class certification request be denied. In fact, *White* is a carbon copy of this case—it involves the same Just Born products (Mike & Ike and Hot Tamales), similar consumer protection claims with similar liability elements, and the same evidence that was presented on certification here. The only difference, which is not outcome-determinative, is the plaintiff in *White* was different, as was counsel. Both *Spacone* and *White* were decided *after* Just Born filed its opposition to class certification and neither case was raised or addressed by plaintiff in her reply filed in October 2018. The Order does not discuss *Spacone* or *White*, or distinguish the evidence those courts found dispositive and while submitted here, are not considered in the Order.

Critically, both *White* and *Spacone* analyze virtually identical slack fill allegations and whether claims of deception under consumer protection laws should be certified. Further, *Spacone* analyzes double-blind survey data on *actual* product purchasers similar to the evidence Just Born submitted here and declines to rely on a hypothetical reasonable consumer in concluding numerous individual issues compel

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

*denial* of certification. Among other things, Just Born respectfully asks that the Court reconsider its ruling in light of material class member survey data Just Born presented in its opposition but that the Court does not reference or analyze in the Order.

Respectfully, the Court's Order concludes predominance, commonality, and typicality are met without any analysis of plaintiff's allegations (e.g. that she only purchased Mike & Ikes, not Hot Tamales), the survey data submitted by Just Born regarding actual class members' purchasing experiences, or the survey data submitted by plaintiff that confirms Just Born's expert's analysis. The Order, which does not appear to analyze "materiality" of the alleged misrepresentation to the putative class in concluding predominance and commonality are met, at best appears to credit a hypothetical reasonable consumer despite unrebutted survey evidence from Just Born from *actual* reasonable consumers that directly highlights any assumption of ignorance of slack fill or materiality of slack fill to a hypothetical reasonable consumer would not apply here.[1] Just Born respectfully submits that the Court should have declined plaintiff's invitation to rely on a hypothetical reasonable consumer to speculate what it already may know and instead consider the results of Just Born's double-blind survey. The Order's brief findings on typicality also do not account for *repeat* product purchasers who, even *if* ignorant of slack fill on their first purchase (like plaintiff claims she was), could not possibly claim they were unaware of potential slack fill in the box on their second or third candy purchase. Both *Spacone* and other cases where evidence of repeat buyer behavior are presented find it absolutely relevant to virtually all Rule 23 factors on certification.

[1] Materiality to a "reasonable consumer" requires proof that "a 'significant portion' of the relevant consumers" are likely to be deceived. A reasonable consumer is established by evidence that shows a substantial portion of the public "acting reasonably 'could be misled'" by the challenged statements. *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016).

And most of these cases have provided thorough analysis on the basis of such evidence in *denying* class certification. At present, the Order is, to Just Born's knowledge, the only one by a federal district court to certify a slack fill case under Rule 23.

Accordingly, Just Born respectfully requests that this Court reconsider its Order based on a manifest showing of a failure to consider the evidence presented by both parties in this case.

## II. THIS COURT CAN RECONSIDER ITS INHERENTLY TENTATIVE ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION.

Interlocutory orders granting a plaintiff's motion for class certification can be the subject of a motion for reconsideration. *See* Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before judgment."); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 n.11 (1978) (describing a court's class certification order as "inherently tentative"); *see also Arthur Young & Co. v. United States Dist. Court*, 549 F.2d 686, 697 (9th Cir. 1977); *Albaugh v. Cal. Field Ironworkers Pension Trust*, 2016 U.S. Dist. LEXIS 145471, at *6 (D.Nev. Oct. 18, 2016) ("Because they are interlocutory, class-certification orders fall under the court's 'inherent power to reconsider an interlocutory for cause, so long as [it] retains jurisdiction.'").

Fed. R. Civ. P. 54(b) "provides that an interlocutory order 'may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities,' where 'judgment' is defined in 54(a) as 'any order from which an appeal lies.'" *NCUA Bd. v. Goldman Sachs & Co.*, 2013 U.S. Dist. LEXIS 181149, at *6 (C.D. Cal. July 11, 2013). However, "some courts within the Ninth Circuit have treated prejudgment and post-judgment motions for reconsideration similarly." *Id.* at *7 (citing *Am. Rivers v. NOAA Fisheries*, 2006 U.S. Dist. LEXIS 48195, at *6-7) (while Rule 54(b) "does not address the standards a district court should apply when reconsidering an interlocutory order, . . . several



LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

district courts in the Ninth Circuit have applied standards of review substantially similar to those used under Rule 59(e) and 60(b)")); *NEI Contr. & Eng'g, Inc. v. Hanson Aggregates, Inc.*, 2015 U.S. Dist. LEXIS 109056, at *2 (S.D. Cal. Aug. 18 2015) ("To determine the merits of a request to reconsider an interlocutory order, courts apply the standard required under a Rule 59(e) reconsideration motion."). And "[r]econsideration is appropriate under Federal Rule of Civil Procedure 59(e) 'if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *NEI Contr. & Eng'g, Inc.*, 2015 U.S. Dist. LEXIS 109056, at *2-3 (citing *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

Central District Local Rule 7-18 governs the instant motion and provides that "[a] motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision." *Jackson v. Baca*, 2019 U.S. Dist. LEXIS 49519, at *6 (C.D. Cal. Mar. 25, 2019) (citing *Milton H. Green Archives, Inc. v. CMG Worldwide, Inc.*, 568 F. Supp. 2d 1152, 1162 (C.D. Cal. 2008); L.R. 7-18)).

Just Born respectfully requests that this Court reconsider its Order pursuant to L.R. 7-18(c) and under the "clear error or manifest injustice" standard articulated under Fed. R. Civ. 59(e).

## III. THE COURT'S ORDER DOES NOT "RIGOROUSLY ANALYZE" MATERIAL

**EVIDENCE SUBMITTED BY *BOTH* PLAINTIFF AND JUST BORN THAT SHOULD HAVE BEEN DISPOSITIVE ON KEY PREDOMINANCE ISSUES OF MATERIALITY AND RELIANCE AS WELL AS TYPICALITY.**

"Before certifying a class, the trial court must conduct a **rigorous analysis** at the class certification stage to determine whether the party seeking certification has met the prerequisites of Rule 23." *Sali v. Corona Reg'l Med. Ctr.*, 909 F. 3d 996, 1004 (9th Cir. 2018) (citations and internal quotations omitted). Furthermore, "[a]s the Supreme Court has stressed, 'Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc.'" *Gessele v. Jack in the Box, Inc.*, 2013 U.S. Dist. LEXIS 51941, at *91 (D.Or. Jan. 28, 2013) (citing *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011)). The "rigorous analysis" requirement therefore "requires a court to do more than offer brief and conclusory statements establishing the Rule 23 prerequisites. In effect, this Court must offer written reasons supporting its decision to maintain class certification[.]" *Slaven v. BP Am., Inc.*, 190 F.R.D. 649, 651 (C.D. Cal. 2000) (citing *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234-35 (9th Cir. 1996)).

The Order is brief and, while it concludes that the Rule 23 requirements are met, does not provide analysis or reasoning based on the nearly 750-plus pages of combined briefing submitted by the parties. Just Born respectfully submits that reconsideration is appropriate and necessary under Local Rule 7-18(c).

**A. <u>There Is a "Manifest Showing of a Failure to Consider Material Facts Presented to the Court" in Connection with the UCL, CLRA, and FAL's Requirement of Materiality to Establish Classwide Reliance on a Misrepresentation or Omission.</u>**

In its Order, the Court found that "**[b]ased on *Bradach***, Escobar has established the numerosity and commonality prerequisites of Fed. R. Civ. P. 23(a),

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

and that class issue [sic] predominate over individual issues under Fed. R. Civ. P. 23(b)(3)." Order at 3:20-22. The Court's conclusion was preceded by a brief reference to the Ninth Circuit's note "that CLRA and UCL claims are 'ideal for class certification because they will not require the court to investigate class members' individual interaction with the product.'" Order at 3:17-20 (citing *Bradach*, 735 F. App'x at 254-55). However, absent from the Court's Order was a "rigorous analysis" of the requirements for class certification in the UCL, FAL, or CLRA context as applied to plaintiff's allegations and *based on the extensive evidence* submitted by either Just Born or plaintiff.

The Order appears to rely exclusively on *Bradach*, which Just Born submits does not establish a presumption of certifiability for UCL or CLRA claims. This is especially true here as the evidence submitted to the Court on certification was quite unlike what was at issue in *Bradach.* The Order, however, does not take into account (or make any findings related to) the additional requirement for UCL and CLRA claims that a misrepresentation or omission must be "material as to all class members" in order to demonstrate that an inference of reliance can arise as to the entire class. *Pierce-Nunes v. Toshiba Am. Info. Sys.*, 2016 U.S. Dist. LEXIS 149847, at *18-20 (C.D. Cal. July 23, 2016). Just Born only references the key evidence at issue for clarity.[2] In particular, Just Born submitted extensive consumer survey evidence through its expert's report to demonstrate a lack of materiality. There also was extensive evidence that showed boxes of Mike & Ike and Hot Tamales in the stores had high variability in fill levels – with some *over* the amount *plaintiff's own expert* claimed consumers expected and some slightly below. This evidence goes to the heart of any claim of injury, materiality, and other issues that must be analyzed under Rule 23 for the claims at issue. Yet the Court's finding of

---

[2] Just Born is cognizant of L.R. 7-18(c)'s prohibition against repetition of "any oral or written argument made in support of or in opposition to the original motion."

commonality and predominance here are not preceded by any analysis in the Order of the materiality, injury, or other requirements as applied to the consumer survey evidence and actual fill level evidence Just Born submitted.

The "manifest showing" of this Court's "failure to consider material facts" like the consumer survey evidence is further established by way of comparison to Judge Birotte's highly analogous analysis of consumer survey data in *Spacone v. Sanford, L.P.*, 2018 U.S. Dist. LEXIS 153916 (C.D. Cal. Aug. 9, 2018).[3]

The plaintiff in *Spacone* was a purchaser of a 2-gram package of Krazy Glue who alleged "he reasonably relied on Sanford's packaging when he purchased Krazy Glue, and that the [Stay Fresh Container's ("SFC")] opaque plastic led him to believe that the package contained more adhesive than it actually did." 2018 U.S. Dist. LEXIS 153916 at *2. He alleged "the empty space in the SFC between the SFC interior and the exterior of the inner Krazy Glue tube constitutes nonfunctional slack fill that violates the Fair Packaging and Labeling Act." *Id.* at *3. On the basis of these allegations, the plaintiff sought "to certify a class of purchasers of Krazy Glue products sold within non-transparent SFC containers with nonfunctional slack fill." *Id.*

The defendant in *Spacone* submitted an expert report in support of its opposition to the plaintiff's motion for class certification. "After thorough and extensive review of the Butler Report," the court determined the expert was "qualified, and her opinion based on reliable and standard statistical methodologies, relevant to the present issues, and beneficial to the trier of fact." *Id.* at *20. The court then went on to summarize the defense expert's findings, which indicated (1) none of the respondents indicated they were misled by the SFC or found differences

---

[3] "Because the power of reconsideration of interlocutory orders is 'inherent,' binding precedent is not needed for the Court to modify a prior order. . . . Nowhere does [Local Rule 7-18] mention that 'controlling' or 'binding' law is needed for reconsideration." *NCUA Bd.*, 2013 U.S. Dist. LEXIS 181149, at *9-10.

between product volume and their expectations, (2) only 4.5% of the respondents were like the plaintiff who assumed the entire package would be filled with adhesive, (3) the vast majority of the respondents were repeat purchasers, (4) none of the respondents "expressed dissatisfaction with the product" due to the amount of glue provided or because they were misled by the packaging into thinking they were purchasing more glue than they got, and (5) "[m]isperceptions of glue volume or amount do not affect consumer product affordability assumptions." *Id.* at *22-23.

The court thus found the expert report "establishes that the class is not ascertainable" because "[m]ore than three-quarters of Butler's survey respondents purchased Krazy Glue in the SFC more than once," which demonstrated these purchasers were not misled by the packaging and were not injured by any misrepresentation. *Id.* at *26; *see id.* at *18 ("Courts may frame ascertainability complications as problems with Rule 23(a) commonality, typicality, or adequacy of representation."). The *Spacone* court therefore explicitly and extensively analyzed the expert's findings and even noted that "it is not reasonable for the Court to ignore Butler's class analysis. *Id.* at *26.

Such extensive analysis of survey data is absent from the Court's Order despite Just Born's unrebutted survey data that demonstrates, as the same type of data established in *Spacone*, that members of the class plaintiff seeks to represent are not likely to be deceived because they do not find slack fill material to their purchasing decisions. It was "clear error" for the Court to not consider Just Born's expert's class analysis in favor of the finding that *Bradach* does not require it since hypothetical members of the public are likely to be deceived. *See id.* at *26. To "replace . . . survey data with a hypothetical reasonable consumer in [the Court's] class certification deliberation" required only that the Court "imagine what [it] may know." *See id.*

/ / /

/ / /

**B. The Court Also Failed to Consider Material Facts Presented to the Court That Demonstrate Plaintiff Is Atypical of the Class.**

As with its findings on commonality and predominance, the Court briefly concluded "typicality is established here, because, Escobar purchased at least one box of either Mike and Ikes or Hot Tamales" and "her claims are reasonably coextensive with those of the absent class members." Order at 3:23-26. Just Born respectfully submits the Court's findings on typicality were in error for two reasons. First, it appears the Court did not consider the material facts presented through plaintiff's testimony that she purchased only Mike & Ikes, *not* Hot Tamales, in conjunction with the cases cited by Just Born for the proposition that plaintiffs cannot expand California consumer protection claims to include products they never purchased.

Second, it seems the Court did not consider or analyze the survey data submitted by Just Born that establishes the class as certified includes "repeat purchasers." In *Spacone*, the court found the proposed class "include[d] far too many repeat Krazy Glue purchasers who likely do not share Spacone's concerns with Sanford's product" and thus the court could not "disaggregate those repeat Krazy Glue purchasers from first-time Krazy Glue buyers." *Spacone*, 2018 U.S. Dist. LEXIS 153916, at *26. The court then determined the plaintiff was not typical of the proposed class due, in part, to "the materially different Krazy Glue purchasing experience between Spacone and a significant proportion of his proposed class." *Id.* at *28-29; *see also id.* at *18 ("Courts may frame ascertainability complications as problems with Rule 23(a) commonality, typicality, or adequacy of representation."). Other courts have also found that repeat buyers and first time buyers are not similarly situated on the issue of deception and injury. *See, e.g., Turcios v. Carma Labs., Inc.*, 296 F.R.D. 638, 646 (C.D. Cal. 2014). As in *Spacone*, then, this Court should have reviewed these findings in conjunction with plaintiff's alleged purchasing experience to conclude plaintiff, a one-time purchaser who purchased

her Mike & Ike candy at a theater without having held it in her hand first, is atypical of the class she sought to certify.

### C. **The Western District of Missouri's Order Denying Certification in *White v. Just Born, Inc.*, Based on the Same Evidence, Further Supports Just Born's Reconsideration Request Under L.R. 7-18(c).**

*White v. Just Born, Inc.*, 2018 U.S. Dist. LEXIS 132466 (W.D. Mo., Aug. 7. 2018), is a case involving the same Mike & Ike and Hot Tamale candy products, identical slack fill allegations, substantially similar consumer protection claims, and of course, the same federal requirement that a court perform a "rigorous analysis" before certifying a class under Rule 23. *White* was a competing, parallel class action pending in Missouri that came to certification first and the district court denied certification in that case based on the same primary evidence.

In *White*, the plaintiff alleged he purchased one box each of Mike & Ikes and Hot Tamales and was "misled to believe that he was 'purchasing more Product than was actually received.'" *White*, 2018 U.S. Dist. LEXIS 132466, at *1-2. He further alleged that had he known the boxes contained slack fill, he would not have purchased the candies. *Id.* at *2. On the basis of these allegations, the plaintiff claimed violations of the Missouri Merchandising Practices Act ("MMPA") and unjust enrichment. *Id.* at *2. The *White* court's analysis of the Rule 23 factors are relevant to demonstrating this Court's "failure to consider material facts" here.

As a preliminary matter, the elements of a claim under the MMPA, which are substantially similar to the elements of plaintiff's California consumer protection claims here, are: "(1) the purchase of goods or services, (2) for personal or household purposes; and (3) an ascertainable loss of money or property, (4) resulting from or caused by the use or employment by another person of a method, act, or practice declared unlawful under the MMPA." *Id.* at *6. Thus, as in California, "the Missouri Supreme Court has held that a plaintiff who 'did not care' about an alleged MMPPA violation, or who 'knew about' the violation and

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

'purchased . . . [the] products anyway,' was not injured by the practice." *Id.* at *7 (citations omitted).

The *White* court determined "the question of whether any MMPA violation injured each class member will require individualized inquiry. . . . [I]f an individual knew how much slack-fill was in a candy box before he purchased it, he suffered no injury." *Id.* at *9. When faced with the plaintiff's contention that the "'reasonable consumer standard' eliminates any individualized inquiry," the *White* court explained "while that standard applies to the determination of whether the slack-fill violates the MMPA, it does not apply to the determination of whether any unlawful slack-fill *injured* each plaintiff." *Id.* at *9 (citing *Guido v. L'Oreal, USA, Inc.*, 2013 U.S. Dist. LEXIS 94031, 2013 WL 3353857, at *10-11 (C.D. Cal. July 1, 2013)). That is, a hypothetical "reasonable consumer standard" does not eliminate the need to look at whether absent class members were actually deceived by the slack-fill. The court further noted that if the MMPA class were certified, "the litigation would be dominated by individual inquiries into whether each class member was deceived by any slack-fill in a box before purchasing it. . . . In other words, it would be dominated by causation and knowledge." *Id.* at *9-10.

The individualized nature of any purported injury (or lack thereof), is the *same* here. In fact, courts in this district have relied on the same analysis and data based on consumers' prior purchases to analyze whether a common injury exists and can be certified for class treatment. *See, e.g.*, *Spacone*, 2018 U.S. Dist. LEXIS 153916, at *19-27; *Townsend v. Monster Bev. Corp.*, 303 F. Supp. 3d 1010, 1044-48 (C.D. Cal. Mar. 20, 2018); *Chow v. Neutrogena Corp.*, 2013 U.S. Dist. LEXIS 17670, at *4-5 (C.D. Cal. Jan. 22, 2013). Just Born submits that the evidence it submitted and the Court did not consider goes to the heart of this issue and highlights why no class can be certified here.

The *White* court dealt with substantially similar consumer protection claims and considered whether actual class members were actually deceived by the slack

fill. That is precisely what Just Born attempted to refute with the survey evidence it submitted in its opposition. The Court's failure to consider such survey data is manifestly unjust given that another federal district court analyzing Rule 23's requirements in conjunction with a substantially similar consumer protection claim relating to the same product and the same slack-fill allegations declined to certify the proposed class on the basis of the same evidence it analyzed and found compelling.

The *White* court also held that "White cannot represent a class that includes persons who purchased the candy despite knowing how much slack-fill would be in each box. Yet, the classes as defined would include such persons. Class certification therefore would be inappropriate." 2018 U.S. Dist. LEXIS 132466, at *15. Applying Missouri law with respect to the standing requirement for class certification, the court found "consumers who knew how much empty space was in Just Born's candy boxes but purchased them anyway suffered no injury." *Id.* at *16. The same analysis should have applied here. The survey evidence, which is neither analyzed nor mentioned in the Court's Order, was submitted by Just Born to demonstrate exactly what the *White* court considered in denying class certification: actual class members who purchased Mike & Ikes or Hot Tamales purchased the candy despite being able to handle the boxes they purchased and thus knowing how much slack fill would be in the box. The Court's failure to consider these material facts constituted clear error in determining that plaintiff is typical of the class she seeks to represent.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

4826-6148-5715.1 12 2:17-cv-01826-TJH-PJW

JUST BORN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER ON MOTION FOR CLASS CERTIFICATION

## IV. CONCLUSION

For the foregoing reasons, defendant Just Born, Inc. respectfully requests that this Court reconsider and reverse its Order Granting Plaintiff's Motion for Class Certification pursuant to Local Rule 7-18(c), and grant such other relief as is just and proper.

DATED: April 8, 2019

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Eric Y. Kizirian
Eric Y. Kizirian
Attorneys for Defendant Just Born, Inc.