1
2
3
4
5
6
7
8

**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
rclarkson@clarksonlawfirm.com
Shireen M. Clarkson (SBN 237882)
sclarkson@clarksonlawfirm.com
Bahar Sodaify (SBN 289730)
bsodaify@clarksonlawfirm.com
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiff Stephanie Escobar*
*and the Certified Plaintiff Class*

9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18
19
20
21

STEPHANIE ESCOBAR, individually
and on behalf of all others similarly
situated,

    Plaintiff,

 vs.

JUST BORN, INC., and DOES 1
through 10, inclusive,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:17-cv-01826-TJH-PJW

**[CLASS ACTION]**

**PLAINTIFF'S MEMORANDUM
OF POINTS AND AUTHORITIES
IN OPPOSITION TO
DEFENDANT'S MOTION FOR
RECONSIDERATION OF ORDER
ON MOTION FOR CLASS
CERTIFICATION**

Action Filed: February 6, 2017

Hrg. Date:  May 6, 2019
Hrg. Time:  UNDER SUBMISSION
Courtroom:  9B

22
23
24
25
26
27

   Plaintiff Stephanie Escobar, individually and on behalf of the Certified Plaintiff Class ("Plaintiff"), by and through her counsel Ryan J. Clarkson, Shireen M. Clarkson, and Bahar Sodaify of Clarkson Law Firm, P.C., hereby submit the following Memorandum in Opposition to Defendant Just Born, Inc's ("Defendant" or "Just Born") Motion for Reconsideration ("Mot." or "Motion") of Order on Motion for Class Certification.

28

*(left margin, vertical text)* CLARKSON LAW FIRM, P.C. 9255 Sunset Blvd., Suite 804 Los Angeles, CA 90069

# TABLE OF CONTENTS

**Page(s)**

I.   INTRODUCTION ..................................................................................... 1

II.  LEGAL STANDARD ............................................................................... 1

III. ARGUMENT ............................................................................................ 6

    A.   Defendant Fails to Make A "Manifest Showing" Pursuant to Local Rule 7-18(c) and Relies Only on Speculation to Supports its Motion ...................................................................................................... 3

    B.   Defendant Improperly Introduces Non-Binding, Distinguishable Case Law That It Could Have Provided *Seven* Months Ago .......... 6

        1.   *Spacone* is Distinguishable ................................................ 6

        2.   *White* Is A Non-Controlling Distinguishable Missouri Case .... 8

    C.   Defendant's Regurgitated Arguments Violate Local Rule 7-18 and Ignore the Court's Order ........................................................... 10

IV.  CONCLUSION ...................................................................................... 13

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

i

# TABLE OF AUTHORITIES

## CASES

*389 Orange Street Partners v. Arnold,*
    179 F.3d 656 (9th Cir. 1999).............................................. 1, 2

*Ammar v. Los Angeles City College,*
    2017 U.S. Dist. LEXIS 221865 (C.D. Cal. 2017)........................... 10, 13

*Aventis Pharms. SA v. Amphastar, Inc.,*
    2005 U.S. Dist. LEXIS 45949 (C.D. Cal. 2005)................................. 2

*Benham v. Sequoia Equities, Inc.,*
    2013 U.S. Dist. LEXIS 108015 (C.D. Cal. 2013)................................. 3

*Briseno v. ConAgra Foods, Inc.,*
    844 F.3d 1121 (9th Cir. 2017)..................................................... 8

*Brown v. United States,*
    2011 U.S. Dist. LEXIS 9215 (C.D. Cal. 2011)................................ 2, 4

*Carroll v. Nakatani,*
    342 F.3d 934 (9th Cir. 2003)..................................................... 6

*Clemons v. Miss.,*
    494 U.S. 738 (1990) .............................................................. 5

*Garris v. City of L.A.,*
    2018 U.S. Dist. LEXIS 186695 (C.D. Cal. 2018)................................. 2

*Henderson v. J.M. Smucker Co.,*
    2013 U.S. Dist. LEXIS 166061 (C.D. Cal. 2013)............................... 5, 7

*Khan v. Dell, Inc.,*
    2013 U.S. Dist. LEXIS 62030 (D.N.J. 2013)  .................................... 2

*Kona Enters. v. Estate of Bishop,*
    229 F.3d 877 (9th Cir. 2000).................................................... 12

*Olsson v. Madigan,*
    2013 U.S. Dist. LEXIS 57754  (N.D. Ill. 2013) .................................. 2

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

*Pryor v. Aerotek Scientific, LLC,*
    278 F.R.D. 516 (C.D. Cal. 2011) ............................................................. 8

*Roy v. County of L.A.,*
    2018 U.S. Dist. LEXIS 122432 (C.D. Cal. 2018)........................... *passim*

*Saunders v. Louise's Trattoria,*
    2007 U.S. Dist. LEXIS 10943 (C.D. Cal. 2007)...................................... 2

*Savage v. Hadlock,*
    296 F.2d 417 (D.C. Cir. 1961) ............................................................... 4

*Spacone v. Sanford, L.P.,*
    2018 U.S. Dist. LEXIS 153916 (C.D. Cal. 2018)........................... *passim*

*State Compensation Insurance Fund v. Drobot,*
    192 F.Supp.3d 1080 (C.D. Cal. 2016) .................................................. 10

*Union Pac. R.R. Co. v. Coast Packaging Co.,*
    236 F.Supp.2d 1130 (C.D. Cal. 2002) .................................................. 12

*White v. Just Born,*
    2018 U.S. Dist. Lexis 132466 (W.D. Mo. 2018) ........................... *passim*

*Yang Ming Marine Transport Corp. v. Oceanbridge Shipping Int'l, Inc.,*
    48 F.Supp.2d 1049 (C.D. Cal. 1999) .................................................. 5, 6

*Zhong v. United States,*
    2017 U.S. Dist. LEXIS 214368 (C.D. Cal. 2017)................................. 10

*Zimmerman v. City of Oakland,*
    255 F.3d 734 (9th Cir. 2001)............................................................ 6, 10

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION

## **OTHER AUTHORITIES**

Central District Local Rule 7-18 ................................................................. *passim*

Consumer Legal Remedies Act (CLRA) ............................................... 7, 9

False Advertising Law (FAL) .............................................................. 7, 9

Federal Rules of Civil Procedure 23 ................................................. 3, 4, 7

Federal Rules of Civil Procedure 59(e) ................................................... 1

Unfair Competition Law (UCL) ........................................................... 7, 9

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

## I.   INTRODUCTION

Defendant hinges its Motion on a "guess" that this Court failed to consider material facts and evidence before granting class certification. Defendant speculates contrary to the first line of the Order which reads: "The Court has considered Plaintiff's Motion for Class Certification, together with the moving and opposing papers" (Dkt. 97 at 1:18-19). Defendant's Motion omits this fact. Indeed, the Court took under submission the decision for five months to evaluate the materials presented in this case before issuing its decision. Defendant's displeasure with the Court's conclusion is not a proper basis for reconsideration, an extraordinary remedy that is *rarely granted*.

The Court should deny Defendant's Motion because it (1) ignores express language in the Order; (2) fails to make a manifest showing pursuant to Central District Local Rule 7-18(c) that the Court failed to consider material facts before issuing its order; (3) consists of regurgitated arguments Defendant already made in opposition to Plaintiff's motion for class certification in violation of Local Rule 7-18; and (4) relies on distinguishable, non-controlling case law that Defendant failed to provide the Court *seven* months ago.

## II.   LEGAL STANDARD

A motion for reconsideration may be made pursuant to Central District Local Rule 7-18 only on grounds of:

> (a) A material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. C.D. Local Rule 7-18.

*See also, 389 Orange Street Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999) (outlining similar standards under Rule 59(e)).

A motion for reconsideration must not "repeat any oral or written argument made in support of or in opposition to the original motion." C.D. Cal. Civ. L.R. 7-

18; *see also, Aventis Pharms. SA v. Amphastar, Inc.*, 2005 U.S. Dist. LEXIS 45949 at * 4 (C.D. Cal. 2005) (denying reconsideration motion for "merely repeating an argument" the movant previously made). "Whether to grant a motion for reconsideration under Local Rule 7-18 is a matter within the court's discretion." *Saunders v. Louise's Trattoria*, 2007 U.S. Dist. LEXIS 10943 (C.D. Cal. 2007) (courts in the Central District "strictly adhere[] to Local Rule 7-18…[which] limits the viable bases for consideration.")

Notably, "motions for reconsideration are disfavored and *rarely* granted." *Brown v. United States*, 2011 U.S. Dist. LEXIS 9215, at *5 (C.D. Cal. 2011). In fact, "a motion for reconsideration should not be granted, *absent highly unusual circumstances*, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners,* 179 F.3d at 665; *accord, Khan v. Dell, Inc.*, 2013 U.S. Dist. LEXIS 62030 (D.N.J. 2013) ("Reconsideration … is an extraordinary remedy that is rarely granted."); *Olsson v. Madigan*, 2013 U.S. Dist. LEXIS 57754 (N.D. Ill. 2013) ("[M]otions for reconsideration are rarely granted.") (citations omitted). Indeed, "[l]itigation could be prolonged indefinitely if the parties were permitted to challenge the accuracy of every order and nothing would ever get decided. Local Rule 7-18 prohibits such an outcome." *Garris v. City of L.A.*, 2018 U.S. Dist. LEXIS 186695, at *21 (C.D. Cal. 2018).

## III.  ARGUMENT

A motion for reconsideration is an extraordinary remedy that is rarely granted. The facts here do not support extraordinary relief. Defendant moves for reconsideration under Local Rule 7-18(c) but fails to make the requisite "manifest showing" that this Court failed to consider material facts before issuing its order. Instead, Defendant "assumes" that because the Court did not rule in its favor that it must not have considered its papers. Its assumption is unfounded. Here, Defendant regurgitates arguments it previously made in opposition to class certification, in

direct violation of Rule 7-18. Defendant also cites to two non-binding, district court decisions (which it could have provided the Court seven months ago, but chose not to), improperly arguing they support reconsideration. They do not. The Motion should be denied.

A. **Defendant Fails to Make A "Manifest Showing" Pursuant to Local Rule 7-18(c) and Relies Only on Speculation to Support its Motion**

Defendant moves for reconsideration under Local Rule 7-18(c), arguing that there is a "manifest showing" that the Court failed to consider material facts before it granted class certification (Mot. at 1:5-7). However, Defendant provides no genuine facts or evidence in support of this argument. Further, Defendant cannot overcome the express language in the Order that the Court considered all material facts before granting certification. *See* Dkt. 97 at 1:17-19 ("The Court has *considered* Plaintiff's motion for class certification, together with the moving and opposition papers."). Defendant's displeasure with the Order does not constitute a "manifest showing" that the Court failed to consider material facts. *See*, *Benham v. Sequoia Equities, Inc.*, 2013 U.S. Dist. LEXIS 108015, at *6 (C.D. Cal. 2013) ("manifest error is not demonstrated by the disappointment of the losing party.").

Defendant first argues that the Court's determination that Plaintiff satisfied Rule 23 requirements was made "without any analysis of plaintiff's allegations" or the survey data provided by the parties (Mot. at 2: 5-18). Defendant's argument is unsupported. The Court discussed and considered Plaintiff's allegations in its Order. *See* Dkt. 97 at 1:18-2:24. Further, Defendant speculates that because the Court did not explicitly discuss in its Order survey data proffered by the parties that it failed to even consider it, but this is contradicted by the Order's express language. *See* Dkt. 97 at 1:17-19; *see also*, *Roy v. County of L.A.*, 2018 U.S. Dist. LEXIS 122432, at *15-16 (C.D. Cal. 2018) (denying motion for reconsideration because movant argued court did not consider material facts and evidence in order but court explicitly stated in order that "it reviewed and considered all arguments contained in

the parties' briefing and raised during oral argument" which was sufficient because "*the Court need not explicitly discuss each and every argument in any order*."); *Brown*, 2011 U.S. Dist. LEXIS 9215, at *7 (denying motion for reconsideration because "[r]egardless of whether a particular argument was addressed explicitly in the Court's [] Minute Order, the Court reviewed all of Petitioner's arguments and found them all to be without merit. Other than his conclusory assertions that these arguments were 'overlooked,' Petitioner makes no showing that the Court did not actually consider them.").

Next, Defendant argues that the Court relied "exclusively on *Bradach*" in determining that Plaintiff established numerosity and commonality under Rule 23(a), and predominance under Rule 23(b)(3) (Mot. at 5: 23-6:25). Defendant's assumption is not a "manifest showing" that the Court failed to consider the material facts in this case. Indeed, just because the Court referenced *Bradach* in the Order does not mean that it "exclusively" relied on *Bradach* or "failed to consider material facts presented to [it] before issuing a decision." C.D. L.R. 7-18(c). As discussed *supra*, the Court made clear that its Order was based on its consideration of *all* papers (Dkt. 97 at 1:17-19). The Court's reference to *Bradach* therefore, only serves to further support the Court's ruling (Dkt. 97 at 3:13-22).

Defendant then argues that the Court did not conduct a "rigorous analysis" because the Order is "brief," and not based on "the nearly 750-plus pages of combined briefing submitted by the parties" (Mot. at 5:4-22). This is pure speculation and does not constitute a "manifest showing" that the Court failed to consider material facts. The Court makes clear that it considered *all* papers before granting certification. *See,* Dkt. 97 at 1:17-19. The length of the order is not dispositive of whether a rigorous analysis was conducted. *See, Roy*, 2018 U.S. Dist. LEXIS 122432, at *15-16 ("The Court need not explicitly discuss each and every argument in any order."); *Id*. (citing *Savage v. Hadlock*, 296 F.2d 417, 419 (D.C. Cir. 1961)) (concluding that the district court's ruling in favor of the plaintiff

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION

constituted an "implicit rejection" of the defendant's argument where the defendant actually raised the argument before the court and "[t]he issue was clearly presented and all the relevant papers were before the court"); *Clemons v. Miss.*, 494 U.S. 738, 747 n. 3 (1990) (observing the court's refusal to address arguments constitutes an implicit rejection of those arguments). Notably, the Court issued its Order five months after the class certification papers were taken under submission, ample time to analyze the papers.

Lastly, Defendant argues that there is a manifest showing that the Court failed to consider material facts because the Order does not include an analysis of Defendant's consumer survey, as in the distinguishable case of *Spacone v. Sanford, L.P.*, 2018 U.S. Dist. LEXIS 153916 (C.D. Cal. 2018) (Mot. at 7:4-7). Defendant's argument is unavailing for several reasons. First, as discussed *infra*, a motion for reconsideration is not the proper vehicle for introducing additional case law, especially when Defendant had over seven months to provide it to the Court. *See, Yang Ming Marine Transport Corp. v. Oceanbridge Shipping Int'l, Inc*., 48 F.Supp.2d 1049, 1057 (C.D. Cal. 1999) (holding that directing the court to additional case law which it could have presented earlier but did not "is not the purpose of motions for reconsideration under Local Rule 7-18."). Second, even if the Court was to consider *Spacone* (it should not), it is easily distinguishable (*see infra*) and has no bearing on this Court's ruling. And third, a court order from another case with another judge presented with different facts and evidence does not constitute a "manifest showing" that *this* Court did not consider material facts presented in *this* case. *See, Henderson v. J.M. Smucker Co*., 2013 U.S. Dist. LEXIS 166061, at *8 (C.D. Cal. 2013) (internal citation omitted) ("Although Defendant may disagree with [the court's] application of the facts to the law, [this] is not 'a manifest showing' of a failure to consider material facts."). Accordingly, Defendant's hollow and speculative arguments do not constitute a "manifest showing" to warrant reconsideration of the Court's Order.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

**B.      Defendant Improperly Introduces Non-Binding, Distinguishable Case Law That It Could Have Provided *Seven* Months Ago**

Defendant dedicates the majority of its Motion directing the Court to additional non-binding and distinguishable case law that it failed to provide the Court for over seven months.[1] This is an improper use of a motion for reconsideration. *See*, *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) ("A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."); *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) ("As a general matter, a motion to reconsider is not a vehicle for parties to make new arguments that could have been raised in their original briefs."). Indeed, "a mere attempt by [the moving party] to reargue its position by directing [the] court to additional case law and ... argument[s] which [it] clearly could have made earlier, but did not ... is not the purpose of motions for reconsideration under Local Rule 7-18." *Yang*, 48 F.Supp.2d at 1057. Accordingly, the Court is not required to consider *Spacone* or *White* and should deny Defendant's Motion. However, even if these cases were considered, they are non-controlling, easily distinguishable, and actually support the Court's class certification order.

**1.      *Spacone* is Distinguishable**

Defendant contends that the facts and evidence presented in *Spacone* are "highly analogous" to this case and therefore, the Order in this case should also been "analogous" to that in *Spacone* where certification was denied (Mot. at 7:4-

---

[1] Defendant argues that Plaintiff did not raise or address *Spacone v. Sanford, L.P.*, 2018 U.S. Dist. LEXIS 153916 (C.D. Cal. Aug. 9, 2018) and *White v. Just Born*, 2018 U.S. Dist. Lexis 132466 (W.D. Mo. Aug. 7, 2018) in her reply (Mot. at 1:19-23). These cases are distinguishable, non-binding, and do not bear on this Court's ruling. Moreover, Defendant could have filed a Notice of Supplemental Authority as early as August 7, 2018, which was only five days after it filed its opposition to class certification on August 2, 2018, but Defendant instead chose to wait *over seven months* to introduce these cases for the first time as a basis for reconsideration.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

8:26).  Defendant is wrong. *See, Henderson*, 2013 U.S. Dist. LEXIS 166061, at *7 (denying motion for reconsideration in part because defendant's contention that court "failed to consider material factual distinctions between this case and the type of cases that have properly awarded fees, cannot be construed as  an argument that [the court] failed to consider material facts…. Defendant's attempt to surreptitiously reframe [] legal arguments as a failure to consider material facts does not transform them into a proper basis for reconsideration.").

The *Spacone* court denied class certification based on its consideration of facts and evidence presented in the *Spacone* case which have no bearing on the facts and evidence presented here. Defendant seems to believe that just because the *Spacone* order was more detailed then it must have reached the "right" conclusion, but this is nonsensical. The length or level of detail in an order does not dictate whether the holding is "right or wrong" or reveal whether a court has considered all materials presented before issuing its order. Here, the Court explicitly stated it considered all papers before ruling; the Court is not required to "explicitly discuss each and every argument" in the Order. *See, Roy*, 2018 U.S. Dist. LEXIS 122432, at *15-16.

In addition, *Spacone*, a nonbinding district court case, is distinguishable from this case. There, the court held that class certification was not appropriate for four reasons: (1) Spacone lacked standing to raise claims under the UCL, FAL or CLRA; (2) he failed to provide the court an ascertainable proposed class; (3) he is an atypical member of the proposed class under Rule 23(a)(3); and (4) he is not an adequate class representative. *Spacone*, 2018 U.S. Dist. LEXIS 153916, at *31. None of these reasons exist here.

Plaintiff does not lack standing because she purchased the product as defined and sustained economic injury, to which she credibly testified at deposition and via sworn declaration (Dkts. 53-11; 63-1). *Cf. Spacone,* at *13-14 (holding that plaintiff lacked standing and credibility because he testified multiple times that he did not suffer economic injury from purchasing the product and then contradicted himself in

his declaration which stated that he did). Further, "ascertainability" is not a requirement under Rule 23. *See*, *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1127 (9th Cir. 2017). But even if it was a requirement, Plaintiff would satisfy it because it is feasible to identify class members (*i.e.*, consumers of the Products during the Class Period). *See*, *Pryor v. Aerotek Scientific, LLC*, 278 F.R.D. 516, 523 (C.D. Cal. 2011) ("A class is sufficiently defined and ascertainable if it is administratively feasible for the court to determine whether a particular individual is a member."). Unlike *Spacone*, Plaintiff addressed Defendant's purported "repeat purchaser" defense by proffering expert testimony and evidence showing that even repeat purchasers are deceived by Defendant's product packaging (Dkt. 78-3 ¶ 105). Lastly, Plaintiff is not an "atypical member of the class" because she has standing and her purchasing experience was not materially different from the class (Dkts. 53-11; 63-1). *Cf. Spacone,* at *10 (Spacone's primary complaint was sitting in traffic during his drive to go purchase Krazy Glue, which he did twice in one day, and not because he was misled by the product packaging or suffered economic injury). Accordingly, *Spacone* is distinguishable and does not constitute a "manifest showing" that *this* Court did not consider all materials presented in *this* case.

      **2.**     ***White* Is A Non-Controlling, Distinguishable *Missouri* Case**

      Defendant dedicates three pages of its Motion trying to persuade this Court that reconsideration of its Order is warranted here because the Western District Missouri case of *White v. Just Born*, which denied class certification, is a "carbon copy" of this Central District of California case and "based on the same evidence" presented here (Mot. at 1:15-26; 10: 3-12: 22). Defendant's characterization of, and reliance upon, *White* is fatally misplaced. The only similarity between the two cases is that they involve the same products and same Defendant, nothing more. The below chart summarizes and compares the evidence (or lack thereof) proffered by the class representatives in each case, respectively:

///

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

| Escobar v. Just Born | White v. Just Born |
|---|---|
| Expert report and declaration from Marketing expert Dr. Forrest Morgeson (Dkts. 53-15, 53-16, 53-17). | No expert report or declaration provided. |
| Expert report and declaration from Economics and Damages expert Dr. Justin Lenzo (Dkts. 53-18, 53-19, 78-3). | No expert report or declaration provided. |
| Expert report and declaration from Consumer Survey and Conjoint Analysis expert Dr. Michael Bechtel (Dkts. 53-21, 53-22, 78-3). | No expert report or declaration provided. |
| Expert slack-fill analysis report and declaration from Packaging expert Dr. Claire Sand (Dkt. 53-12, 53-13, 79-2). | No expert report or declaration provided. |
| Dr. Lenzo and Dr. Bechtel conducted a large-scale survey of 3,788 participants to empirically investigate the extent to which candy consumers have accurate expectations about the level of fill in candy boxes and whether fill and box size have an impact on their willingness to buy. (Dkt. 83 at 9:12-28; Dkt. 53-1 at 10; n. 16; 24:21-25; Dkt. 78-3 ¶¶ 22-23, 25, 70). | No survey or similar analysis conducted or provided. |
| Credible testimony and declaration from Plaintiff (Dkts. 53-11; 63-1). | No credible testimony or declaration provided by plaintiff. |
| Deposition testimony from Defendant's 30(b)(6) witness, Defendant's Director of Marketing and Consumer Engagement, Keith Domalewski (Dkt. 53-1 at 5:12-17; 7:22-27). | No Rule 30(b)(6) deposition testimony provided. |
| Testimony from Deposition of Defendant's 30(b)(6) designated witness, Defendant's Director of Technical Services, Scott Yeager (Dkt. 53-1 at 11:2-6, 12:16-17). | No Rule 30(b)(6) deposition testimony provided. |
| Plaintiff's claims brought under California and federal packaging laws and California consumer protection laws, including, the Consumer Legal Remedies Act (CLRA), False Advertising Law (FAL), Unfair Competition Law (UCL) (Dkt 53-1 at 2:9-15). | Plaintiff alleged violation of the Missouri Merchandising Practices Act (MMPA) and unjust enrichment. |

In short, this case is not "based on the same evidence" or a "carbon copy" of *White,* as Defendant proclaims. This newly offered, non-binding, distinguishable Western District of Missouri case does not support reconsideration here.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

**C.    Defendant's Regurgitated Arguments Violate Local Rule 7-18 and Ignore the Court's Order**

A motion for reconsideration is not a vehicle for parties to make new arguments or to regurgitate old ones. *Zimmerman*, 255 F.3d at 740; C.D. Cal. Loc. R. 7-18 ("No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion."); *Ammar v. Los Angeles City College,* 2017 U.S. Dist. LEXIS 221865, at *1-2. (C.D. Cal. 2017) (A motion for reconsideration is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment."); *Roy*, 2018 U.S. Dist. LEXIS 122432, at *14-15.) ("Because the [movant] raised these arguments in opposition [], they are not the proper subject of a motion for reconsideration under Local Rule 7-18.").

Defendant's Motion is a regurgitation of arguments made in opposition to Plaintiff's class certification motion which have already been extensively briefed and considered by this Court. Ironically, Defendant states that "it is cognizant of L.R. 7-18(c)'s prohibition against repetition of 'any oral or written argument made in support of or in opposition to the original motion'" but argues that it "only references the key evidence at issue for clarity" (Mot. at 6:18-19, n. 2). Yet, the Motion is *riddled* with the same arguments, albeit said differently, as in Defendant's opposition. *See, Zhong v. United States*, 2017 U.S. Dist. LEXIS 214368, at *2-3 (C.D. Cal. 2017) (The motion for reconsideration "repeats, albeit with some greater detail, the arguments that were presented in the prior motion, and considered and rejected in the Prior Order. Thus, there has been no…manifest showing of a failure to consider the facts that were presented. Indeed, the Motion conflicts with the limitation of Local Rule 7-18(c), in that it 'repeat[s] an[] oral or written argument made in support of ... the original motion.'"); *State Compensation Insurance Fund v. Drobot*, 192 F.Supp.3d 1080, 1117 (C.D. Cal. 2016) (finding that Local Rule 7-

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

18(c) was not satisfied, when the moving party failed to point to a "single fact that was before the court that the court failed to consider," and instead restated their initial arguments in a more robust manner).

Defendant argues that the Court failed to consider: (1) "plaintiff's testimony that she purchased only Mike & Ikes, *not* Hot Tamales, in conjunction with the cases cited to by Just Born for the proposition that plaintiffs cannot expand California [consumer] protection claims to include products never purchased"; (2) "the survey data submitted by Just Born regarding actual class members' purchasing experiences," and (3) "the survey data submitted by plaintiff that confirms Just Born's expert's analysis" (Mot. at 2:5-9; 9:1-12). These three arguments have already been briefed and considered by this Court. Specifically, Plaintiff's class certification motion made clear that Plaintiff purchased a box of Mike N' Ike and thoroughly explained how predominance, commonality, and typicality are satisfied by proffering expert reports and results from a large-scale consumer survey involving real purchasers of the candy products at issue which confirmed that reasonable consumers find box size material to their purchasing decision and are therefore, deceived by the Defendant's product packaging. *See,* Dkt. 52-1 at 2:9-4:11; 8:1-14:5; 19:3-22:19; Dkt. 53-17; Dkts. 53-14, 79-2; Dkts. 53-20, 78-3. Defendant then proffered in its opposition to class certification the *same evidence* and *arguments* it is now proffering (*see*, Dkt. 62 at 2:13-19; 6:5-7:18; 6:6-18; 13:4-23:24; 8:15-11:14; 21:22-22:24), which Plaintiff then addressed in her reply (*see,* Dkt. 82-1 at 1:16- 13:26; 15:5-17:21). The Court considered the foregoing and granted class certification (*See,* Dkt. 97 at 1:17-19).

Defendant next argues that the Court failed to consider "unrebutted survey evidence from Just Born" or "materiality of the alleged misrepresentation to the putative class" and instead, "appears to credit a hypothetical reasonable consumer" in concluding that predominance and commonality are met (Mot. at 2:9-15). Defendant is wrong for several reasons. First, the Court did not fail to consider

1   Defendant's survey evidence because the Court explicitly stated that it considered
2   all papers before issuing its order, which includes survey evidence. *See*, Dkt. 97 at
3   1:17-19. Second, Defendant's survey was not "unrebutted"—Plaintiff's conjoint
4   analysis, survey design, and damages experts, Dr. Justin Lenzo and Dr. Michael
5   Bechtel, presented a robust expert report which refuted Defendant's survey
6   evidence. The Bechtel-Lenzo Report detailed survey evidence gathered from a
7   large-scale consumer survey of 3,788 *real*, not "hypothetical," consumers to
8   empirically investigate the extent to which candy consumers have accurate
9   expectations about the level of fill in candy boxes and whether fill and box size have
10  an impact on their willingness to buy. *See*, Dkt. 83 at 9:12-28; Dkt. 53-1 at 10; n.
11  16; 24:21-25; Dkt. 78-3 ¶¶ 22-23, 25, 70. Lastly, Dr. Lenzo and Dr. Bechtel
12  submitted a declaration rebutting Defendant's experts' findings. *See* Dkt. 78-7.
13       Defendant then argues that "the Court did not consider or analyze the survey
14  data by Just Born that established the class as certified includes 'repeat purchasers'"
15  (Mot. at 9:13-15). Again, this issue was already addressed in the briefing (*see*, Dkt.
16  62 at 16:14-21; 23:1-6; Dkt. 63-2; Dkt. 83 at 8:14-18; Dkt. 78-3 ¶ 105) and
17  considered by the Court before granting certification (*see*, Dkt. 97 at 1:17-19).
18       Furthermore, to the extent any of Defendant's arguments were not raised
19  before (they all were), they do not qualify as a basis for reconsideration because a
20  *motion for reconsideration "may not be used to raise arguments … for the first time*
21  *when they could reasonably have been raised earlier." Kona Enters. v. Estate of*
22  *Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *see also, Union Pac. R.R. Co. v. Coast*
23  *Packaging Co.*, 236 F.Supp.2d 1130, 1137 (C.D. Cal. 2002). As discussed *supra*,
24  the only allegedly "new argument" raised in Defendant's Motion is its reliance upon
25  *Spacone* and *White*, which Defendant could have reasonably provided the Court
26  over *seven* months ago.
27  ///
28  ///

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

## IV.  CONCLUSION

In conclusion, Defendant's Motion should be denied because it is a regurgitation of arguments already presented and considered by this Court. It fails to make a "manifest showing" that this Court did not consider material facts before it granted class certification. *See, Ammar*, 2017 U.S. Dist. LEXIS 221865, at *6 ("[R]econsideration is not warranted under Local Rule 7-18(c) because [Defendant] has not made 'a manifest showing of a failure to consider material facts presented to the Court before such decision.'…[Defendant] merely repeats the arguments [it] previously made or could have made, and that were already rejected.")

Based on the foregoing, the Court should DENY Defendant's Motion for Reconsideration of Order on Motion for Class Certification.

DATED: April 15, 2019                    **CLARKSON LAW FIRM, P.C.**

 /s/ Ryan J. Clarkson_____
Ryan J. Clarkson, Esq.
Shireen M. Clarkson, Esq.
Bahar Sodaify, Esq.

Attorneys for Plaintiff and the Certified Class

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION