**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ERIC Y. KIZIRIAN, SB# 210584
  E-Mail: Eric.Kizirian@lewisbrisbois.com
LEO A. BAUTISTA, SB# 149889
  E-Mail: Leo.Bautista@lewisbrisbois.com
JOSEPHINE BROSAS, SB# 239342
  E-Mail: Josephine.Brosas@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant Just Born, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| STEPHANIE ESCOBAR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>JUST BORN, INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 2:17-cv-01826-TJH-PJW<br><br>**DEFENDANT JUST BORN, INC.'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER ON MOTION FOR CLASS CERTIFICATION**<br><br>Date: May 6, 2019<br>Time: UNDER SUBMISSION<br>Place: 9B |

**TABLE OF CONTENTS**

| | | **Page** |
|---|---|---|
| I. | Introduction | 1 |
| II. | Just Born's Motion Sufficiently Demonstrates a "Manifest Showing of a Failure to Consider Material Facts" Such that the Court "Committed Clear Error" in Finding Predominance, Commonality, and Typicality Were Met. | 2 |
| | A. As a Preliminary Matter, the Court Can Exercise Its Discretion to Reconsider Its Order Certifying the Class Based on *Spacone* and *White*. | 3 |
| | B. The Court Mistakenly Relied on *Bradach* in Determining Commonality and Predominance Were Satisfied. | 4 |
| | C. The Court's Typicality Determination Was Made With Respect to an Incorrect Class Definition. | 8 |
| III. | Conclusion | 10 |

## I. INTRODUCTION

It is predictable that plaintiff Stephanie Escobar ("plaintiff") will fight tooth and nail to salvage what is, to defendant Just Born, Inc.'s ("Just Born") knowledge, the only known federal court decision to certify for class treatment any slack fill claim in the United States. Indeed, most courts have dismissed slack fill claims like plaintiff's *ab initio* on motions to dismiss, while others, including a court in *this* district, have denied certification following a rigorous analysis of substantially similar evidence and facts that were presented here. Plaintiff's efforts to avoid meaningful reconsideration of the Court's March 25, 2019 Order Granting Class Certification [Dkt. 97] ("Order") through interpretative acrobatics that mischaracterize Just Born's Motion for Reconsideration of the Order ("Motion") do not change the fact that reconsideration of the Order is fully justified under Local Rule 7-18.

Just Born's Motion does not simply re-argue points that were previously raised and considered by the Court. The Order holds that (1) "[b]ased on *Bradach*, Escobar has established the numerosity and commonality prerequisites of Fed. R. Civ. P. 23(a), and that class issue [sic] predominate over individual issues under Fed. R. Civ. P. 23(b)(3)" and (2) "typicality is established, here, because Escobar purchased at least one box of either Mike and Ikes or Hot Tamales; her claims are reasonably coextensive with those of the absent class members." Order at 3:20-25. The Motion and the instant Reply are instead designed to alert the Court that it likely overlooked material evidence in certifying the class. The arguments in the Motion are not "pure speculation" or a "regurgitation" of arguments Just Born made in opposition to plaintiff's class certification motion. Indeed, if this is the case, plaintiff's efforts to glean what evidence the Order considered or did not consider is equally speculative.

Just Born respectfully requests that the Court reconsider its Order on the basis of the full evidentiary and legal record presented and in light of the holdings in

similar cases that, *contrary to plaintiff's suggestion*, were not yet decided when Just Born filed its opposition to the certification motion. Given the stakes involved in an order granting certification, a fulsome consideration and analysis of all legal arguments and evidence presented, in conjunction with all relevant authority and facts, benefits all involved.

## II. JUST BORN'S MOTION SUFFICIENTLY DEMONSTRATES A "MANIFEST SHOWING OF A FAILURE TO CONSIDER MATERIAL FACTS" SUCH THAT THE COURT "COMMITTED CLEAR ERROR" IN FINDING PREDOMINANCE, COMMONALITY, AND TYPICALITY WERE MET.

Plaintiff's Opposition relies heavily on the first sentence of the Order to argue "that the Court considered all material facts before granting certification." Plaintiff's Opposition to Motion for Reconsideration [Dkt 99] ("Opp."), at 3:10-12. However, that the Court "considered Plaintiff Stephanie Escobar's Motion for Class Certification, together with the moving and opposing papers" does not foreclose the fact that the Court may have failed to consider certain material facts and legal issues framed by the legal authorities, evidence, and expert reports. *The record and briefing on certification was over 750 pages!* And the Order is just over 2-pages. Given extensive briefing and evidentiary showings and experts reports here, it is extremely likely that certain information may be overlooked. Indeed, the Order notes that "based on *Bradach*" the consumer protection claims may be certified. This appears to be a finding the Ninth Circuit's unpublished opinion in *Bradach* alone would justify certification. The Order's reference to *Bradach* lumps the UCL and CLRA claims together and minimizes the evidentiary showing for certification. Yet the Ninth Circuit has also recognized in *Stearns v. Ticketmaster,* 655 F.3d 1013 (9th Cir. 2011), that a UCL and CLRA claim are not necessarily treated the same on certification. *See id.* at 1022 ("A CLRA claim warrants an analysis different from a UCL claim because the CLRA requires each class member to have an actual injury caused by the unlawful practice . . . ."). Thus, under the CLRA, "[i]f the

misrepresentation or omission is not material as to all class members, the issue of reliance 'would vary from consumer to consumer' and the class should not be certified." *Id.* at 1022-23.

The Order does not analyze materiality evidence that was presented. And this materiality evidence shows reliance does in fact "vary from consumer to consumer" since over 80% of the survey respondents (*actual Mike and Ike and Hot Tamales buyers*) said they got the amount of candy they expected at the time of purchase (i.e., they were *not* deceived and did *not* rely on box size). The Order merges the UCL and CLRA analysis and, in concluding certification is appropriate "based on *Bradach*," seemingly credits a "hypothetical reasonable consumer standard" that starkly contrasts with what *Stearns* requires. It also conflicts with other district courts' analysis of whether similar (if not identical) slack fill allegations are certifiable, and it misapprehends plaintiff's class definition as alleged in the Class Action Complaint [Dkt. 1-1] ("Complaint").

### A. As a Preliminary Matter, the Court Can Exercise Its Discretion to Reconsider Its Order Certifying the Class Based on *Spacone* and *White*.

Plaintiff takes issue with Just Born's citation to *Spacone v. Sanford, L.P.*, 2018 U.S. Dist. LEXIS 153916 (C.D. Cal. Aug. 9, 2018) and *White v. Just Born, Inc.*, 2018 U.S. DIst. LEXIS 132466 (W.D. Mo. Aug. 7, 2018) because they are "non-binding" and "non-controlling." *See* Opp. at 6:1-5, 8:18. As discussed in the Motion, "[b]ecause the power of reconsideration of interlocutory orders is "inherent," **binding precedent is not needed to modify a prior order**." *NCUA Bd. v. Goldman Sachs & Co.*, 2013 U.S. Dist. LEXIS 181149, at *9-10 (C.D. Cal. July 11, 2013); *see* Motion at 7 n.3. Indeed, "[n]owhere does [Local Rule 7-18] mention that 'controlling' or 'binding' law is needed for reconsideration." *NCUA Bd.*, 2013 U.S. Dist. LEXIS 181149, at *9-10. The Opposition does not credibly argue otherwise.

//

### B. The Court Mistakenly Relied on *Bradach* in Determining Commonality and Predominance Were Satisfied.

Just Born properly argues the Court's commonality and predominance findings were in error because these findings (1) were based on a mistaken reliance on *Bradach v. Pharmavite, LLC*, the holding of which was based on distinguishable facts and a discussion of a limited version of the reliance requirement under California consumer protection statutes, and therefore, (2) stop short of analyzing whether a misrepresentation or omission is material such that classwide reliance can be demonstrated (a necessary inquiry when determining whether to certify a class in connection with claims brought under California's consumer protection statutes). Motion at 5:27-8:26. *These* reasons (and *not*, as plaintiff suggests, the mere absence of explicit analysis in the Court's Order) are what Just Born identifies as constituting the "manifest showing" of the Court's "failure to consider material facts presented to the Court."[1] The Order also does not analyze *Stearns* in which, as set forth above, the Ninth Circuit affirmed the materiality requirement and required an analysis of reliance on certification.

Contrary to plaintiff's assertion, Just Born's Motion is not based on a mere "assumption" that the Court relied exclusively on *Bradach v. Pharmavite, LLC*, 735 F. App'x 251 (9th Cir. 2018) in determining that plaintiff established numerosity, commonality, and predominance. *See* Opp. At 4:9-13. Rather, the Order *explicitly*

---

[1] The arguments presented in Just Born's Motion and further explained herein are not mere "regurgitations" of arguments Just Born made in opposition to plaintiff's certification motion. Rather, these arguments are prompted only by and narrowly construed to address the Court's reasoning as set forth in the Order. Any references to arguments or evidence Just Born previously identified that it now contends the Court did not consider were included in the Motion for sake of clarity and should not doom the Motion. *See Shiferaw v. Sunrise Senior Living Mgmt.*, 2016 U.S. Dist. LEXIS 187548, at *24 ("In support of the present Motion [for Reconsideration], Plaintiffs repeat the arguments made previously with regard to the significant [sic] of the testimony of Jennifer Delise. **Although this contravenes the terms of Local Rule 7-18, it is considered**.").

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

4827-8543-6565.3　　　　4　　　　2:17-cv-01826-TJH-PJW
JUST BORN'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER ON MOTION FOR CLASS CERTIFICATION

*states* that these conclusions were "[b]ased on *Bradach*." Order at 3:20-22. Just Born respectfully asserts (and plaintiff does not credibly refute) the Order mistakenly relies on *Bradach* for the proposition that there is a presumption of certifiability for UCL and CLRA claims. *See* Motion at 6:10-11. The *Bradach* court noted CLRA and UCL claims are "ideal for class certification because they will not require the court to investigate class members' individual interaction with the product." Order at 3:17-20 (citing *Bradach*, 735 F. App'x at 254-55). But the issues in *Bradach* are distinguishable from those in the instant case. *See* Motion at 6:11-13.

In *Bradach*, the Ninth Circuit reviewed the district court's holding that "the proposed classes failed the ascertainability, commonality, predominance, and superiority elements of Rule 23 because it would be very difficult to determine whether the putative class members viewed the Heart Health statement as a disease claim or a structure/function claim." *Bradach*, 735 F. App'x at 254. The Ninth Circuit determined the district court's conclusion was based on an error of law because under California law, "class members in CLRA and UCL action are not required to prove their individual reliance on the allegedly misleading statements." *Id.* The issue there, then, was whether a district court "would need to inquire into the motives of each individual class member." *See id.* at 255. *Bradach* did not eliminate the materiality and reliance requirements for UCL and CLRA claims on certification.

In contrast, the issues as addressed in the parties' briefing on certification included whether the alleged misrepresentation or omission was material as to all class members such that injury, materiality, and causation could be established on a classwide basis. *See* Motion at 6:13-18 (citing *Pierce-Nunes v. Toshiba Am. Info. Sys.*, 2016 U.S. Dist. LEXIS 149847, at *18-20 (C.D. Cal. July 23, 2016)). The *Bradach* court did not broach the materiality requirement because it was never at issue in that case. *Bradach* should not have had any bearing on the Court's

1  commonality or predominance conclusion here. Just Born therefore respectfully
2  requests that the Court reconsider its Order and its reliance on *Bradach*. *See U.S.*
3  *Rubber Recycling, Inc. v. Encore Int'l, Inc.*, 2011 U.S. Dist. LEXIS 11678, at *11-
4  14 (C.D. Cal. Jan. 7, 2011) (granting defendant's motion for reconsideration because
5  the court had mistakenly relied on a Federal Circuit case that was readily
6  distinguishable from the case at hand and the holding of which had been further
7  limited by the Federal Circuit).

8  Just Born also respectfully submits that the Court's misplaced reliance on
9  *Bradach* for the presumption that "CLRA and UCL claims are 'ideal for class
10 certification because they will not require the court to investigate class members'
11 individual interaction with the product'" (Order at 3:17-20) necessarily resulted in
12 the Court's failure to consider the evidence presented by Just Born that "goes to the
13 heart of any claim of injury, materiality, and other issues that must be analyzed
14 under Rule 23 for the claims at issue" (Motion at 6:19-25). For this reason, Just
15 Born requested the Court consider *Spacone* and *White* as comparative examples of
16 cases in which district courts went beyond whether hypothetical members of the
17 public are likely to be deceived and analyzed the evidence and allegations submitted
18 by the parties in determining whether Rule 23's certification requirements were met.
19 *See* Motion at 7:4-7, 10:6-12, 11:24-12:22. Just Born did *not* simply regurgitate
20 arguments made in Just Born's opposition to plaintiff's certification motion.

21  Plaintiff asserts Just Born's discussion of *Spacone* and *White* was improper
22 because "a motion for reconsideration is not the proper vehicle for introducing
23 additional case law." Opp. at 5:12-13, 6:1-11. But Just Born cited these two
24 analogous slack-fill cases to further demonstrate (by way of comparison) that the
25 Court's reliance on the holding in *Bradach* was misplaced. *See* Motion at 6:10-7:7.
26 This is an entirely appropriate and welcomed approach to demonstrating "clear
27 error" in the Court's analysis of the predominance and commonality requirements.
28 *See Santomenno v. Transamerica Life Ins. Co.*, 2016 U.S. Dist. LEXIS 64289, at

*10-11 (C.D. Cal. May 13, 2016) (where defendants argued the court's "broad reading of [two cases] could only be accurate if those decisions were intended to abrogate the existing regulations and case law on § 406(b) transactions," the court indicated it "would welcome an analysis of [those two cases] **as well as an indication of what case law** on § 406(b) transactions the Court's reading abrogates").[2]

*Spacone* and *White*, when viewed alongside the Order, demonstrate the Order's failure to consider material facts and perform the requisite analysis of materiality before it certified the class. *Spacone* and *White* embody Ninth Circuit analysis of commonality, predominance, and typicality in the context of California consumer protection claims, which require a showing of materiality to demonstrate classwide reliance and injury. This requisite analysis is abrogated by the Court's sole reliance on *Bradach* and the improper hypothetical reasonable consumer standard. *See Santomenno*, 2016 U.S. Dist. LEXIS 64289, at *11.

*Spacone* was one, highly analogous example of a case in which a district court considered consumer survey evidence that "attempt[ed] to identify repeat purchasers among the Krazy Glue consumer population, 'determine whether consumers would be misled and believe that the product contains more glue than it does,' and discern consumer price expectations." 2018 U.S. Dist. LEXIS 153916, at *19-20. These are precisely the inquiries that go to a determination of whether a

---

[2] To the extent plaintiff seeks to exclude *Spacone* and *White* from the Court's consideration of the instant Motion because Just Born "failed to provide the Court [with these cases] for over seven months," this argument is unavailing because Just Born's Motion is brought under Local Rule 7-18(c) (as well as the relevant Federal Rules), not Local Rule 7-18(a) or (b). *See Henderson v. J.M. Smucker Co.*, 2013 U.S. Dist. LEXIS 166061, at *8-9 (C.D. Cal. Nov. 20, 2013) ("[T]o the extent any of these arguments were not raised before, they do not qualify as a basis for reconsideration under L.R. 7-18(a) or (b) because a motion for reconsideration 'may not be used to raise arguments . . . for the first time when they could reasonably have been raised earlier.'"); *Negrete v. Allianz Life Ins. Co.*, 2010 U.S. Dist. LEXIS 121760, at *15 (C.D. Cal. Nov. 1, 2010).

misrepresentation or omission is "material" and "likely to deceive." And even though the *Spacone* court performed its analysis under the umbrella of ascertainability, it also specifically noted that "[c]ourts may frame ascertainability complications as problems with Rule 23(a) commonality, typicality, or adequacy of representation." *Id.* at *18. Plaintiff's attempt to distinguish *Spacone* on that basis therefore falls flat. *See* Opp. at 7:17-23.

Similarly, Just Born cited *White* as a parallel slack fill case involving the same products. Judge Nanette Laughrey for the Western District of Missouri held "the litigation would be dominated by individual inquiries in whether each class member was deceived by any slack-fill in a box before purchasing it [i.e.] dominated by causation and knowledge." 2018 U.S. Dist. LEXIS 132466, at *9-10. *The same products, the same alleged slack fill, the same consumer survey by Just Born* under the same Rule 23 analysis clearly has bearing here. In fact, this case and *White* were competing class actions that Just Born tried to transfer to *this district* to avoid precisely this type of divergent outcome and that *both* plaintiff White and plaintiff Escobar resisted, presumably for the purpose of getting the proverbial "two bites of the apple" they've now had.

### C. The Court's Typicality Determination Was Made With Respect to an Incorrect Class Definition.

Plaintiff argues "[t]he Court discussed and considered Plaintiff's allegations in its Order." Opp. at 3:21-22 (citing Order at 1:18-2:24). Turning to the Order, then, it states that "Escobar seeks to certify a class of all individuals that purchased Mike and Ikes **or** Hot Tamales in California between February 6, 2013, to present[.]" Order at 2:21-22. But this is not what plaintiff pleads in her Complaint. Rather, plaintiff "seeks to represent a Class consisting of 'All persons who purchased **the Products** in United States for personal use and not for resale during the time period February 3, 2013, through the present." Comp. ¶ 71. The "Products" are defined as "Mike and Ike ® **and** Hot Tamales ® brand candy

products." *Id.* ¶ 1.

Contrary to plaintiff's assertion then, the Court considered an incorrect version of plaintiff's allegations and thus did not properly consider material facts presented in Just Born's opposition to plaintiff's class certification motion—namely (1) plaintiff's testimony that she purchased *only* Mike & Ike, *not* Hot Tamales, and (2) the cases cited by Just Born in its opposition that stand for the proposition that plaintiffs cannot expand California consumer protection claims to include products they never purchased. Motion at 9:8-12.

Just Born therefore respectfully requests that the Court exercise its discretion to revisit those cases[3] in conjunction with plaintiff's testimony as well as the class as alleged in paragraph 71 of the Complaint and find that plaintiff is not typical of the class she seeks to represent. *See Moran v. Screening Pros, LLC*, 2012 U.S. Dist. LEXIS 189350, at *7 (C.D. Cal. Nov. 20, 2012) ("After revisiting the relevant authorities, the Court GRANTS the Motion for Reconsideration."); *see also Enodis Corp. v. Cont'l Cas. Co.*, 2012 U.S. Dist. LEXIS 81992, at *10-11 (C.D. Cal. June 11, 2012) ("Because the Court misapprehended the scope of the Freeland Settlement by erroneously concluding it encompassed claims asserted only Indiana Avoidance Action and no other claims, reconsideration of its prior order is appropriate.") (citing Local Rule 7-18(c)); *Henderlong v. S. Cal. Reg'l Rail Auth.*, 2014 U.S. Dist. LEXIS 156925, at *2-4 (C.D. Cal. Nov. 5, 2014) ("The Court finds that Defendant brings this motion for reconsideration on the grounds of the Court's failure to consider a material fact presented to it—the applicability of Cal. Gov't Code § 815 to Plaintiff's retaliation claim. Although the immunity defense was clearly presented to the Court with regard to the retaliation claim, the Court inadvertently did not consider the defense and proceeded instead to determine whether Plaintiff had

---

[3] Just Born's Opposition to Plaintiff's Motion for Class Certification and Appointment of Class Counsel [Dkt. 62], at 22:8-28.

sufficiently pled a prima facie case of retaliation under Federal Rule of Civil Procedure 8. . . . This was clear error, and reconsideration and revision of the September 18 order are warranted.").

### III. CONCLUSION

For the reasons stated herein and in the Memorandum of Points and Authorities in Support of Its Motion for Reconsideration, defendant Just Born, Inc. respectfully requests that this Court reconsider and reverse its Order Granting Plaintiff's Motion for Class Certification pursuant to Local Rule 7-18(c), and grant such other relief as is just and proper.

DATED: April 22, 2019        LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____/s/ Eric Y. Kizirian_____
Eric Y. Kizirian
Attorneys for Defendant Just Born, Inc.