# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| STEPHANIE ESCOBAR, individually and on behalf of all others similarly situated<br><br>                Plaintiffs,<br><br>  v.<br><br>JUST BORN, INC.,<br><br>                Defendant. | CV 17-01826 TJH (PJWx)<br><br>Amended Order<br>[53,97] |

      The Court has considered Plaintiff Stephanie Escobar's Motion for Class Certification, together with the moving and opposing papers.

      In 2016, Escobar purchased one 5-oz. box of Mike & Ike candy during a visit to a Cinemark Cinemas movie theater in Los Angeles. The candy was in a glass showcase behind the concession counter. Escobar paid approximately $4.00 for the candy. After she got to her seat in the theater, Escobar discovered that the box was roughly half full.

      On February 6, 2017, Escobar filed this putative class action in Los Angeles County Superior Court against Just Born, Inc. ["Just Born"], the manufacturer of the Mike & Ike's and Hot Tamales candy products, on behalf of herself and all individuals

who purchased 5-oz. boxes of Mike and Ikes and Hot Tamales in California for personal consumption between February 3, 2013, and the present. On March 7, 2017, Just Born removed.

Escobar alleged that 46% of the Mike & Ike box was empty, and that there was no functional or lawful purpose for the empty space. The empty space is usually referred to as "non-functional slack fill." Escobar alleged that the 46% non-functional slack-fill violated: (1) the California Consumers Legal Remedies Act, Civil Code § 1750, *et. seq.* ["CLRA"]; (2) the California False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et. seq.* ["FAL"]; and (3) the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et. seq.* ["UCL"].

Escobar, now, moves for certification of the class and the appointment of class counsel. And, Just Born moves to exclude the opinions of Escobar's proposed experts.

**Motions to Exclude**

Just Born's motion to exclude the expert opinions challenges the relevance, and, therefore, the admissibility of the expert opinions. However, the Court is not required to exclude, at this juncture, the expert opinions based on evidentiary objections. *Sali v. Corona Reginal Medical Center,* 889 F.3d 623, 634 (9th Cir. 2018). Rather, the objections more appropriately go to weight, and not the admissibility, of the opinions. *Sali*. Thus, the expert opinions will not be excluded.

**Class Action Certification**

Escobar seeks to certify a class of all individuals that purchased Mike and Ikes or Hot Tamales in California between February 6, 2013, to present, alleging that the non-functional slack-fill in the two products misrepresented the amount of actual candies in the boxes and, thereby, misled consumers in violation of CLRA, FAL, and UCL.

To certify a class, Escobar bears the burden of establishing that the putative

class satisfies all four threshold prerequisites of Fed. R. Civ. P. 23(a): (1) Numerosity of proposed class members; (2) Commonality of issues of fact and law; (3) Typicality of the named representative's claims; and (4) Adequacy of the named representative and class counsel to fairly and adequately pursue the action. *See Sueoka v. United States*, 101 F. App'x. 649, 652 (9th Cir. 2004).

Escobar, also, bears the burden of establishing at least one of the requirements of Fed. R. Civ. P. 23(b). Here, Escobar attempts to certify the class under either Fed. R. Civ. P. 23(b)(2) – that Just Born acted in a manner applicable to the class generally, thereby making injunctive or declaratory relief appropriate with respect to the class as a whole – or Fed. R. Civ. P. (b)(3) – that common questions of law or fact predominate over individualized issues, making class adjudication the superior method of adjudicating the controversy.

Just Born does not significantly dispute that the putative class is sufficiently numerous or ascertainable. Upon review, the Court finds that the numerosity prerequisite is satisfied. *See* Fed. R. Civ. P. 23(a).

In *Bradach v. Pharmavite, LLC*, 735 F. App'x. 251 (9th Cir. 2018), the Ninth Circuit held CLRA and UCL claims in putative consumer class actions are "ideal for class certification because they will not require the court to investigate class members' individual interaction with the product. 735 F. App'x. at 254. Under California law, class members in CLRA and UCL actions are not required to prove their individual reliance on allegedly misleading statements – rather, the standard is whether "members of the public are likely to be deceived." *See Bradach*, 735 F. App'x. at 254. Accordingly, the Ninth Circuit held that the commonality, predominance, and superiority prerequisites of Rule 23 are often satisfied in consumer protection class actions asserting CLRA and UCL claims. *See Bradach*, 735 F. App'x. at 254.

Here, a determination of whether the non-functional slack-fill deceived the public will resolve the issues that are central to the validity of the putative class's CLRA, UCL, and FAL claims in one stroke. *See Stockwell v. City and Cty of S.F.*, 749 F.3d

1107, 1111-1112 (9th Cir. 2014). Whether the class could actually prevail on the merits of their claims is not a proper inquiry in determining the preliminary question of whether common issues exist or predominate. *Stockwell*, 749 F.3d at 1111-1112. Accordingly, Escobar has established the commonality prerequisite of Fed. R. Civ. P. 23(a), and that class issues predominate over individual issues under Fed. R. Civ. P. 23(b)(3). *See Bradach*, 735 F. App'x. at 254.

Further, typicality is established as to Mike and Ike's because Escobar purchased at least one box of Mike and Ike's – accordingly, her claims are reasonably coextensive with those of the absent class members. *See Hanlon* v. Chrysler Corp., 150 F. 3d 1011, 1020 (9th Cir. 1998). However, because Escobar failed to allege or show that she purchased a box of Hot Tamales, she cannot represent a class of purchasers of Hot Tamales.

Finally, with regard to the Mike and Ike's, the adequacy prerequisite is satisfied because, *inter alia*, Escobar's claim is typical. There were no arguments that the proposed class counsel is inadequate.

Accordingly,

**It is Ordered** that the motion for class certification be, and hereby is, **Granted** in part.

**It is further Ordered** that the class is defined as all individuals who purchased 5-oz. boxes of Mike and Ikes in California for personal consumption between February 3, 2013, and the present

Date: June 19, 2019.

_____
**Terry J. Hatter, Jr.**
**Senior United States District Judge**